**UNITED STATES of America**

v.

**Anthony CUNNINGHAM, a/k/a "Guy Davis", Julius Coston, and Andre Edgerton, Defendants.**

**No. 85 Cr. 106 (SWK).**

United States District Court,
S.D. New York.

Aug. 16, 1985.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for the U.S.; Vincent L. Briccetti, Asst. U.S. Atty., of counsel.

Gerald B. Lefcourt, P.C., New York City, for Julius Coston; Gerald B. Lefcourt, Joshua L. Dratel, New York City, of counsel.

Emanuel A. Moore, New York City, for Andre Edgerton.

## MEMORANDUM OPINION AND ORDER

·KRAM, District Judge.

Julius Coston and Andre Edgerton are named as defendants, along with Anthony Cunningham [1], in a three count indictment. The indictment charges the defendants with conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846, and distribution of cocaine within one thousand feet of ·Public School 113 in Manhattan, in violation of 21 U.S.C. §§ 812, 841, 845a. The indictment, in a separate count, charges Cunningham with distribution of cocaine, in violation of 21 U.S.C. §§ 812, 841. Coston has filed a motion with the Court, in which Edgerton has joined, which challenges the constitutionality of Section 845a and the applicability of that section to the instant case. The issues raised in this motion are considered below.

The defendants' first contention is that the instant case is beyond the intended scope of Section 845a. Section 845a provides for greatly enhanced penalties for individuals who distribute controlled substances in violation of 21 U.S.C. § 841 "in or on, or within one thousand feet of, the real property comprising a public or private elementary or secondary school ..." 21 U.S.C. § 845a.

The defendants assert that the purpose of Section 845a is to punish more severely the sale of narcotics to schoolchildren. They characterize their alleged conduct as involving the sale of narcotics to an adult, two hours after school had finished for the day,in an apartment located on a different street than that which P.S. 113 is located

on. Thus, the purpose of Section 845a is not furthered by its application to the alleged conduct in the instant case, according to the defendants. They contend, in effect, that Congress did not intend to reach their alleged conduct with the passage of Section 845a.

▮ The defendants' argument is flawed, however, in that their basic premise rests on an unduly and unjustifiably restrictive and narrow interpretation of both the plain language of Section 845a and Congressional purpose. It is clear from the plain language of Section 845a, and from its legislative history, that it was not designed to punish only sales of narcotics directly to schoolchildren within one thousand feet of a school. Rather, the statute is designed to protect schoolchildren from the direct and indirect dangers posed by the narcotics trade. The statute attempts to do this by creating, in effect, a circular area, with a radius of one thousand feet, around all elementary and secondary schools which will be free of any narcotics traffic, and all of the direct and indirect evils posed by this activity. It is difficult to envision any language more precise and unambiguous then that contained in Section 845a which Congress could have used to accomplish this purpose. Moreover, if Congress merely intended to punish the direct sale of narcotics to schoolchildren, or to prosecute only transactions occurring during school hours, or only transactions which occur on the same· street which a school is located on, as the defendants contend, it could have used clear language to that effect in Section 845a.

Judge Weinfeld's discussion of section 845a applies with equal force to the instant case:

Indeed, judicial notice may be taken of the destructive results of drug addiction, the source of which Congress clearly intended to keep out of the easy reach of school-age children. It is difficult to imagine a more rational way of keep-

1. Cunningham has been a fugitive since the filing of the instant indictment.

drug traffickers out of areas where children are more likely to come into contact with them and to subject them to a risk of stiffer penalties for doing business near school property. *By focusing on the particular transaction for which he is charged, defendant fails to consider the long term effect of Section 845a on the health and welfare of schoolchildren in general.*

*United States v. Nieves*, 608 F.Supp. 1147, 1149–50 (S.D.N.Y.1985) (emphasis added and footnote omitted). In conclusion, the defendants' interpretation of the scope of Section 845a is unsupported by the plain language of that section and by its legislative history. Accordingly, Section 845a does apply to the conduct which the defendants are charged with.

The defendants also contend that, if Section 845a is interpreted to apply to the conduct they are charged with, Section 845a is unconstitutional because it denies them due process of law guaranteed by the Fifth Amendment to the United States Constitution. The basic premise of this contention is that the statute imposes draconian penalties without requiring the presence of any mens rea or criminal intent. The defendants contend that it is unconstitutional to impose such drastic punishment for what is in effect a strict liability offense. They argue that Section 845a is unconstitutional unless this Court is willing to read into the statute a requirement that a person have the specific intent to knowingly distribute narcotics within one thousand feet of a school.

■ The defendants' contention that Section 845a is violated by violating Section 841 within one thousand feet of a school, without any knowledge or intent by the violator to be within one thousand feet of a school is correct. However, their argument that Section 845a is a strict liability offense, devoid of any mens rea requirement, and, therefore, unconstitutional because of the drastic punishment which can be imposed, is incorrect. To violate Section 845a a person must have the criminal intent or mens rea required for a violation of

Section 841. The latter section requires a person to *knowingly* or *intentionally* distribute a controlled substance.

A violation of Section 845a, of course, has many elements. In fact, the elements of a violation of this section are identical to those for a violation of Section 841, with the additional requisite element that Section 841 be violated within one thousand feet of a school. Thus, Section 845a does require a person to *knowingly* or *intentionally* distribute controlled substances for a violation to occur. Only the additional, separate element of violating Section 841 within one thousand feet of a school requires no proof of knowledge or intent. It is well-settled that "[t]he required mental state may of course be different for different elements of a crime." *Liparota v. United States*, —— U.S. ——, —— n. 5, 105 S.Ct. 2084, 2087 n. 5, 85 L.Ed.2d 434 (1985). Thus, the fact that Section 845a imposes very harsh penalties, and that it imposes significantly harsher penalties than Section 841, by adding an additional element, which does not require intent or mens rea, to the requisite elements for a violation of Section 841, is in no way unconstitutional.

The defendants reliance on *Liparota, supra*, is misplaced. Justice Brennan clearly stated that "the Government in the instant case argues that *no mens rea* is required with respect to any element of the crime." *Liparota* at —— U.S. ——, 105 S.Ct. 2092 (emphasis in original). This is not the Government's position in the case at hand. Rather, it is conceded that a person must knowingly or intentionally distribute controlled substances to violate Section 845a. Thus, the instant case is distinguishable from *Liparota*.

In addition to rejecting the defendants' contention that Section 845a is unconstitutional, the Court fails to see any basis for "reading into" the statute any specific intent requirement concerning the element of the location of the distribution. The plain language of the statute indicates that no knowledge or intent need be present for this element of a Section 845a violation.

In view of the foregoing, the defendants' motions are hereby DENIED in all respects.[2]

SO ORDERED.

---

**2.** Defendant-Coston filed a number of motions on April 1, 1985. This automatically tolled the speedy trial clock pursuant to 18 U.S.C. § 3161(h)(1)(F). The motion decided by the instant opinion was not fully submitted until the Government filed its response with the Court, on June 27, 1985, to the defendants' submission of June 24, 1985.

One of the motions originally filed by Coston was a motion to suppress certain statements. The Court had determined that a hearing was required before this motion could be addressed. The Court had scheduled this hearing. Moreover, the parties and the Court were processing all motions jointly so that they could be disposed of together and the case could proceed in an orderly fashion.

On July 10, 1985 the Court received the Government's submission which indicated that the need for a hearing no longer existed because Coston's statements would not be used at trial. Accordingly, the motions filed by the defendants were not ripe for consideration by the Court until July 10, 1985. In view of the foregoing, and because the instant opinion deals with a recently enacted statute and raises issues of first impression the Court concludes that the entire period of time from April 1, 1985 until the date of the instant opinion was reasonably necessary to properly adjudicate the defendant's motion. Accordingly, the period of time from April 1, 1985 until August 16, 1985 is properly excluded pursuant to 18 U.S.C. § 3161(h)(1)(F).