**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Everton Gladstone WATSON,**
**Defendant–Appellant.**

**No. 88–5352.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 14, 1989.*

Decided Oct. 20, 1989.

Michael A. Brush, Venice, Cal., for defendant-appellant.

Janet C. Hudson, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before SCHROEDER, BOOCHEVER and BEEZER, Circuit Judges.

SCHROEDER, Circuit Judge:

Appellant Everton Gladstone Watson appeals his conviction of distributing marijuana within 1,000 feet of an elementary school in violation of 21 U.S.C. § 845a(a).[1] He admits that he sold marijuana, but contends that the government failed to prove that it was within 1,000 feet of a school.

There is no dispute concerning the location of the parcel of real property on which the sale took place. There was expert testimony, based upon measurements, that the distance between the property line of the school and the boundary closest to the school of the property on which the sale took place was less than 1,000 feet.

The appellant's first contention is that the measurement from the school to the location of the sale should not be as the crow flies, but as children walk. Assuming the straight line distance from the property line of the school to the actual point of sale was less than 1,000 feet, appellant argues that the walking route taken by school children to the point of sale was more than 1,000 feet. For that reason he maintains the requirements of the statute were not satisfied. The Second Circuit rejected the same argument in *United States v. Ofarril*, 779 F.2d 791 (2d Cir.1985) (per curiam), *cert. denied*, 475 U.S. 1029, 106 S.Ct. 1231, 89 L.Ed.2d 340 (1986), and we agree fully with its reasoning. Requiring speculation

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

1. Section 845a(a) provides:

   Any person who violates section 841(a)(1) or section 846 by distributing or manufacturing a controlled substance in or on, or within one thousand feet of, the real property comprising a public or private elementary, vocational, or secondary school or public or private college, junior college, or university is (except as provided in subsection (b) of this section) punishable (1) by a term of imprisonment, or fine, or both up to twice that authorized by section 841(b) of this title, and (2) at least twice any term of supervised release authorized by section 841(b) for a first offense. Except to the extent a greater minimum sentence is otherwise provided by section 841(b), a term of imprisonment under this subsection shall be not less than one year. The mandatory minimum sentencing provisions of this paragraph shall not apply to offenses involving 5 grams or less of marihuana.

about pedestrian routes would create uncertainty in a statute which was meant to establish clear lines of demarcation. As the Second Circuit observed: "Such a tortuous reading would violate the plain meaning of the statute. Moreover, it would generate needless and time-consuming debate, and ultimately hamper the statute's enforcement." *Id.* at 792 (citations omitted). As Judge Kram noted in *United States v. Cunningham,* 615 F.Supp. 519 (D.C.N.Y.1985), "the statute is designed to protect school-children from the direct and indirect dangers posed by the narcotics trade." *Id.* at 520. School children are not known for taking what adults may conclude would be the most appropriate routes to and from school. Only a straight line measurement creates a readily ascertainable zone of protection.

Other circuit's decisions have recognized Congress' intent to eliminate the "violent and dangerous criminal milieu" that drug trafficking inevitably engenders. *United States v. Holland,* 810 F.2d 1215, 1219 (D.C.Cir.1987) (citing 130 Cong.Rec. S559 (daily ed. January 31, 1984) (statement of Sen. Hawkins)), *cert. denied,* 481 U.S. 1057, 107 S.Ct. 2199, 95 L.Ed.2d 854 (1987). This intent to create a "drug-free zone around schools," *see United States v. Falu,* 776 F.2d 46, 50 (2d Cir.1985), would be defeated if dealers were allowed to escape prosecution by creating circuitous routes to their narcotic transactions.

For all of these reasons, we hold that the distance between the school and the sale should be measured by a straight line and not by any "pedestrian" route of travel.

The appellant also points out that the testimony of the government's witness did not establish that the distance from the nearest point of the school property to the exact location of the sale was less than 1,000 feet, but only that the distance between the nearest point of the two property lines was 922 feet. For this reason, appellant argues, the government has not satisfied its burden of proof. Appellant's contention has no merit in the circumstances of this case. Evidence before the jury in the form of a map clearly showed that the distance between the property line closest to the school and the property line farthest from the school was significantly less than 78 feet. Thus wherever the sale occurred on that property, it would have been within 1,000 feet of the school.

Finally, appellant places more than bearing weight upon a statement of the government's witness during cross-examination that there may be some margin of error in his calculations. The evidence as a whole was more than enough for the jury to conclude that the measurements were sufficiently accurate to support a conclusion that the sale took place within 1,000 feet of the school. Appellant offered no evidence to conflict with the evidence submitted by the government as to location and distance.

AFFIRMED.