No. 63,850 ■

STATE OF KANSAS, *Appellee,* v. KEITH A. JONES, *Appellant.*

(802 P.2d 533)

Opinion

filed December 7, 1990.

*Rick Kittel,* assistant appellate defender, argued the cause, and *Jessica R. Kunen,* chief appellate defender, was with him on the brief for appellant.

*Thomas J. Robinson*, assistant district attorney, argued the cause, and *Nola Foulston*, district attorney, and *Robert T. Stephan*, attorney general, were with him on the briefs for appellee.

The opinion of the court was delivered by

ALLEGRUCCI, J.: This is an appeal by the plaintiff, Keith A. Jones, from his conviction by a jury of one count of burglary and three counts of criminal damage to property. The Kansas Court of Appeals, in an unpublished opinion, filed May 11, 1990, affirmed all four convictions. We granted the plaintiff's petition for review.

The first and fourth counts against the defendant involved criminal damage to property for breaking the windows in Stephanie Walker's 1977 Dodge Diplomat. Ms. Walker is the defendant's former girlfriend. The windows were replaced following the first incident; defendant then broke out the new windows, plus a "little bitty one." Counts 2 and 3 involved a burglary of Ms. Walker's apartment and criminal damage to her property contained therein. All these incidents occurred within a three-day period. At trial, the State presented no evidence regarding the value of the 1977 Dodge automobile; it did present evidence to establish the cost to replace the windows after the first incident but not the second.

On appeal, the Court of Appeals held the windows had a value separate from and independent of the value of the Dodge automobile. The Court of Appeals also found that, even though no evidence was introduced concerning the value of the car, the evidence as to the cost of replacing the windows after the first incident was sufficient evidence of value to sustain the second conviction. In addition, the Court of Appeals found the district court did not err in admitting evidence of defendant's prior municipal court conviction for misdemeanor criminal damage to property. Additional facts will be stated as are relevant to the issues raised by the defendant.

The first issue is whether the evidence was sufficient to establish damage of $150 or more for the two convictions of felony criminal damage to the Dodge automobile. Defendant argues that he is entitled to reversal of his conviction of felony criminal damage to property for breaking the windows of the car because a rational factfinder could not have found the evidence proved each element of the offense charged, in particular that the damage exceeded $150. In support of his case, defendant cites *Jackson*

*v. Virginia,* 443 U.S. 307, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979). In *Jackson,* the United States Supreme Court held that under *In re Winship,* 397 U.S. 358, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970), the role of a federal habeas corpus court is not to consider whether any evidence exists to support a state court conviction, but instead the court must determine whether sufficient evidence justifies a rational trier of the facts to find guilt beyond a reasonable doubt. The Court stated:

"*Winship* presupposes as an essential of the due process guaranteed by the Fourteenth Amendment that no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof—defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." 443 U.S. at 316.

The offense of criminal damage to property is defined at K.S.A. 21-3720, as follows:

"(1) Criminal damage to property is by means other than by fire or explosive:

"(a) Willfully injuring, damaging, mutilating, defacing, destroying, or substantially impairing the use of any property in which another has an interest without the consent of such other person; or

"(b) Injuring, damaging, mutilating, defacing, destroying, or substantially impairing the use of any property with intent to injure or defraud an insurer or lienholder.

"(2) Criminal damage to property is a class E felony if the property is damaged to the extent of $150 or more. Criminal damage to property is a class A misdemeanor if the property damaged is of the value of less than $150 or is of the value of $150 or more and is damaged to the extent of less than $150."

Defendant does not challenge his conviction of the offense of criminal damage to property but, rather, the sufficiency of the evidence to establish that the value of the damage was $150 or more. In *State v. Smith,* 215 Kan. 865, 867, 528 P.2d 1195 (1974), this court stated that to convict an individual of felony criminal damage to property, the State must prove: "1) an act or impairment in using the property, done without consent of the owner or person having an interest in the property; 2) the value of the property was more than $50, and 3) the amount of damage done to the property was $50 or more." The amount of damage required to make the offense a felony was increased by the Kansas Legislature in 1978, from $50 to $100. L. 1978, ch. 120, § 31,

¶ (2). In 1984, the amount was increased by the legislature from $100 to $150. L. 1984, ch. 119, § 7, ¶ (2). This is the version of the statute that was in effect at the time of the offense in the present case and 'that is set forth in the statute quoted above.

Defendant first contends that, in determining a value of the amount of damages here, the cost of replacement of the glass only should be considered and the amount paid for installation should be disregarded or considered in figuring restitution. After the first incident, one of Ms. Walker's friends who works on cars as a hobby and for additional income was able to get replacement windows for $99, even though the salvage yard had initially quoted him a price of $175. Ms. Walker's friend charged her $55 for his labor and approximately $4.00 for glue and a glue gun.

Defendant argues that the $55 in labor should be awarded as restitution and not considered part of the value of the damaged property. In support of this argument, defendant cites *State v. Robinson*, 4 Kan. App. 2d 428, Syl. ¶ 1, 608 P.2d 1014 (1980), which provides:

"The rule that fair market value is the value to be used in determining whether a theft is a felony or a misdemeanor does not exclude other methods of determining value. Where the stolen property has a unique or restricted use and an extremely limited market, the actual or replacement cost to the one from whom it was stolen is proper evidence of value."

Defendant argues that the reasoning used in *Robinson* to determine whether a theft is a felony or misdemeanor should be extended to determine if an offense of criminal damage to property is a felony or misdemeanor. Because no evidence indicated the glass here had a unique or restricted use, defendant argues that the fair market value of the glass itself should be used to determine if the offense was a felony or a misdemeanor. The cost of the glass was $99, less than the statutory requirement of $150 for a felony.

We agree that fair market value is the value to be used in determining value in the present case. However, the value of the 1977 Dodge automobile, not the replacement value of the window glass, is the determining factor. In order to restore the Dodge automobile to its condition prior to the defendant's breaking out the windows, new window glass must be installed in the car. Therefore, for purposes of determining if the offense is a

felony or misdemeanor, the value of the damage is the cost of replacement plus installation.

Defendant further argues that if the value of the damage to the property is the glass installed in the car, the State must establish that the damage to the car was of a value of $150 or more. This would require the State to prove that the car itself had a value of $150 or more to establish damage to the car in that amount. As previously noted, no evidence was introduced to indicate a dollar value of the car. Nor was evidence presented concerning the condition of the car's engine, body, brakes, or tires.

To support this argument, defendant asserts that a similar situation occurred in *State v. Towner*, 202 Kan. 25, 446 P.2d 719 (1968), which involved a conviction of felony larceny of an automobile. Defendant attacked his conviction because no evidence was produced at trial regarding the car's value, and, therefore, the evidence was insufficient to prove the felony amount of $50. This court reversed the conviction, stating:

"All that was shown was the make, year and model of the automobile, that it was second hand and operable. At the time taken it was approximately eight years old. Although from the description the vehicle could be inferred to be of some intrinsic value and could be inferred to be of a value sufficient to support a conviction of the offense of petty larceny [citation omitted], we are cited to no authority or line of reasoning whereby from the showing made the inference could be drawn that the vehicle in question was of a value of $50.00 or more, and we know of none.

"We would not say the diacritical amount could never be inferred in a particular case where property has been sufficiently described or exhibited to the trier of the fact. However, prices of automobiles of the vintage in question are negotiable over a considerable range and are in part at least dependent upon condition. Possibly this vehicle was in fact worth $50.00 but upon the showing made, this fact would not be a matter of unquestionable common knowledge. We think the only safe rule is that the prosecution be required to make a sufficient showing and that was not done here. We hold as to the offense charged in count two that the evidence, although sufficient to support a conviction for the lesser included offense of petty larceny, was insufficient to support a conviction of grand larceny." 202 Kan. at 29-30.

In *State v. Banks*, No. 62,980, an unpublished opinion filed October 27, 1989, a similar approach was taken by the Court of Appeals in valuing property to determine whether a criminal

damage offense constituted a felony. In *Banks*, defendant was convicted of criminal damage to property in excess of $150 for breaking several windows out of a car. Testimony was presented at trial concerning the value of the windows but not the car as a whole. The Court of Appeals held that because no evidence of the value of the car was introduced, the evidence was not sufficient to support a conviction of felony criminal damage to property. In reaching this decision, the court pointed to the Comment to the definitional instruction of criminal damage to property found at PIK Crim. 2d 59.23 (1990 Supp.). This Comment now provides:

"Under the statute, property cannot be damaged more than the value of the property at the time the damage occurred. If the value of the property at the time it is damaged is less than $500, then the defendant cannot be convicted of a felony. The preceding two sentences may be made the basis for an instruction if needed."

At the time *Banks* was decided, the statutory amount was $150. The court in *Banks* concluded that under the criminal damage to property statute, K.S.A. 21-3720, "property cannot be damaged to an extent greater than its total value. The property in this case was the car."

In its supplemental brief filed after the petition for review was granted, the State asserts that it did not argue, in *Banks*, that the property damaged was the windows instead of the car as a whole. According to the State, the present case is the first case in which it urged the theory that windows should be treated as property separate from the cars in which they are installed. The State argues that when a car window is broken, the owner does not have to replace the whole car but, instead, may replace the window. Because car windows can readily be replaced, they are not integral parts of the car and, therefore, have a separate identity apart from the car in which they are installed; they are property in and of themselves.

Following the analysis urged by the State, the Court of Appeals here concluded that some parts of an automobile, such as nuts and bolts, have little or no value apart from an automobile while other parts, such as stereo equipment and tires, do. As an example, the court stated: "[I]t is possible that a car worth less than $150 might have a $150 stereo or four new tires costing

more than $37.50 each. Indeed, it is common knowledge that many cars are worth more parted out than as a functioning automobile." It may be true that most, if not all, cars are worth less than the costs to replace and install all or some of their parts. However, that is irrelevant because the fair market value of a car is the value to be used. Simply because a window is so "readily replaced" does not make it any less an integral part. Windows are an integral part of a car. Driving a car in subzero weather or in a torrential rainstorm makes that fact rather obvious. Carrying the reasoning of the Court of Appeals in the present case to its logical conclusion, if the car were valued at less than $150, the defendant would have been better off if he had totally destroyed Ms. Walker's car or stolen it. In that case, he would be guilty of only a misdemeanor rather than a felony.

We do not question that the broken car windows have a value. Defendant's argument is that their value exceeds the amount needed to establish a felony only by including the cost of their installation. If the automobile did not have a total value of $150 or more, then defendant's offense must be treated as a misdemeanor because the State introduced no evidence to establish the value of the automobile. We agree. The automobile cannot be damaged to an extent greater than its total value.

This is particularly true in the present case because Counts 1 and 4 of the complaint charged criminal damage to property described as "one (1) 1977 Dodge automobile." The complaint never mentions windows. According to this charge, the State should have established that the automobile as a whole had a value of $150 or more to prove that damage to the windows of the car was a felony. Under the terms of the statute in effect at the time of this offense, if the property damaged has a value of less than $150, then the offense is a misdemeanor. It is also a misdemeanor if the property damaged had a value of $150 or more but is damaged to the extent of less than $150. K.S.A. 21-3720(2). The State failed to establish beyond a reasonable doubt the element that the 1977 Dodge automobile was of the value of $150 or more. We therefore conclude the evidence was insufficient to support the conviction for felony criminal damage to property as charged in Counts 1 and 4.

The final issue raised by the defendant is whether the trial court erred in allowing evidence of his 1984 municipal court conviction of misdemeanor criminal damage to property for breaking a window at the same victim's residence. During direct examination, the State questioned Ms. Walker about defendant's 1984 misdemeanor conviction of criminal damage to property. Defendant objected. In the presence of the jury, the State argued that the evidence was admissible pursuant to K.S.A. 60-455 to show the identity of defendant as well as independent of K.S.A. 60-455 to show the relationship between the parties. The court noted that evidence concerning past history between parties is independently admissible without limitation and pointed out that identity did not appear to be an issue concerning the breaking of the windows in this automobile, although it could be an issue concerning the household damage.

The court, however, cautioned the jury that "if evidence is introduced about the conduct of the Defendant upon an occasion other than the one where he is charged in this Information, it's admitted solely upon the issue of motive as it has a bearing on identity of the Defendant as the perpetrator of the offenses charged." Ms. Walker testified that in August 1984, she was present in the room when defendant, using a pipe, broke the bedroom window of the apartment where she was living. Before beginning the final day of trial, the court discussed the limiting instruction with counsel. The prosecution asserted the purpose of the evidence was to establish identity and motive. The court refused the State's suggestion that the evidence be introduced to establish identity and concluded that the limiting instruction should state the purpose as motive and plan. Instead of using the term "plan," however, the court used "method of operation." Defense counsel agreed with the use of "method of operation" instead of "plan." The final instruction submitted to the jury provided: "Evidence has been admitted tending to prove the defendant committed a crime other than the present crimes charged. This evidence may be considered solely for the purpose of proving defendant's motive and method of operation."

Following the close of the evidence, the district court concluded that the prior conviction was admissible independent of K.S.A. 60-455 to show a continuing course of conduct involving

the defendant's damaging the victim's property. Nevertheless, the district court gave the limiting instruction.

Defendant argues that the State offered the evidence pursuant to K.S.A. 60-455 to show identity and a continuing course of conduct involving the destruction of property, and, because the 1984 conviction fits neither of these two material facts, it should not have been admitted. Defendant contends this error requires that his conviction for burglary and criminal damage to Ms. Walker's house should be reversed.

Pursuant to K.S.A. 60-455, evidence of a crime or civil wrong on a specified occasion is inadmissible to prove disposition to commit a crime on the basis of an inference that the person committed another crime. Under the terms of the statute, such evidence is admissible only "when relevant to prove some other material fact including motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." K.S.A. 60-455. Although a trial court must limit its instructions to the purposes set out in the statute and purposes analogous thereto, the record here establishes that the defense attorney agreed to the use of the phrase "method of operation" instead of the word "plan."

Since the "method of operation" is merely the term being used instead of "plan," then the limitations of evidence purporting to show plan must be applied. The plan exception of K.S.A. 60-455 is "limited to evidence which shows some causal connection between two offenses, so that proof of the prior offense could be said to evidence a preexisting design, plan or scheme directed toward the doing of the offense charged." *State v. Marquez,* 222 Kan. 441, 446-47, 565 P.2d 245 (1977). Defendant argues that the 1984 offense shows no preexisting design, plan, or scheme directed to the 1988 offenses. No causal link existed between the two offenses, and certainly the former offense did not cause the latter. Therefore, defendant asserts that "plan" or "method of operation" is not a proper basis for the admission of prior crimes evidence under the facts of this case.

Defendant's argument has merit. In the Comment to the PIK instruction on this issue, it is stated:

"Plan refers to an antecedent mental condition that points to the doing of the offense or offenses planned. The purpose in showing a common scheme

or plan is to establish, circumstantially, the commission of the act charged and the intent with which it was committed. Strictly speaking, *the exception is limited to evidence which shows some causal connection between the two offenses*, so that proof of the prior offense could be said to evidence a preexisting design, plan, or scheme directed toward the doing of the offense charged. Something more than the doing of similar acts is required to have probative value in showing plan, because the object is not merely to negate an innocent intent or show identical offenses, but to prove the existence of a definite project directed toward the doing of the offense charged. *State v. Marquez*, 222 Kan. at 446-447." (Further citations omitted.) PIK Crim. 2d 52.06, Comment, II, C(5), p. 67.

The two offenses here do not constitute a plan. Although they are similar acts and include the same witnesses, no causal connection exists between the two events except for defendant's continuing involvement with these parties. The incidents themselves are unrelated; therefore, plan or method of operation would not allow an exception under K.S.A. 60-455.

Defendant further argues that the motive exception also was not a proper basis for admission of the 1984 conviction. Motive is defined in the Comment to PIK Crim. 2d 52.06 as "the cause or reason which induces action." PIK Crim. 2d 52.06, Comment, II, C(1), p. 66. The Comment notes that, usually, a previous crime or civil wrong has no relevance to the issue of motive. The Comment notes:

"A prior crime would be relevant to the issue of motive where the defendant committed a subsequent crime to conceal a prior crime or to conceal or destroy evidence of a prior crime. It is not proper to introduce evidence of other crimes on the issue of motive merely to show similar yet unconnected crimes." PIK Crim. 2d 52.06, Comment, II, C(1), p. 66.

Defendant correctly argues that evidence of the 1984 conviction was not admissible to establish a material fact involving motive.

The trial court, however, did not admit evidence of the 1984 conviction solely under K.S.A. 60-455. Instead, the court concluded that the conviction was admissible independent of K.S.A. 60-455 to show a continuing course of conduct involving defendant's destruction of the victim's property. The Court of Appeals agreed with the trial court's conclusion that the evidence of this prior conviction of criminal damage to property involving the same victim was admissible independent of K.S.A. 60-455. The Court of Appeals quoted from its decision in *State v. Mogenson*, 10

Kan. App. 2d 470, 471-72, 701 P.2d 1339, *rev. denied* 238 Kan. 878 (1985), as follows:

"Kansas courts have allowed evidence of prior acts of a similar nature between the defendant and the victim independent of 60-455 so long as the evidence is not offered for the purpose of proving distinct offenses. The evidence is admissible to establish the relationship of the parties, the existence of a continuing course of conduct between the parties, or to corroborate the testimony of the complaining witness as to the act charged. *State v. Reeves*, 234 Kan. 250, 255, 671 P.2d 553 (1983).' "

We have recognized several instances where evidence of prior crimes or civil wrongs may be introduced into evidence independent of K.S.A. 60-455, including evidence to establish the relationship or continuing course of conduct between a defendant and the victim. Evidence of prior acts of a similar nature between a defendant and a victim is admissible independent of K.S.A. 60-455 if the evidence is not offered for the purpose of proving distinct offenses but, rather, to establish the relationship of the parties, the existence of a continuing course of conduct between the parties, or to corroborate the testimony of the complaining witness as to the act charged. PIK Crim. 2d 52.06, Comment, III, B(4), p. 70. See *State v. Gray*, 235 Kan. 632, Syl. ¶ 1, 681 P.2d 669 (1984); *State v. Wood*, 230 Kan. 477, 479, 638 P.2d 908 (1982); *State v. Crossman*, 229 Kan. 384, 387, 624 P.2d 461 (1981).

The evidence of the 1984 conviction involving the breaking of a window in the bedroom of the same victim's apartment was relevant and admissible under the prior Kansas cases to establish the relationship between the parties and to show the existence of a continuing course of conduct between the parties. The trial court properly admitted the evidence under this theory. The Court of Appeals did not err in affirming the trial court's decision on this issue.

The judgment of the Court of Appeals is affirmed in part and reversed in part. The judgment of the district court is affirmed as to the conviction of burglary (Count 2) and criminal damage to property involving the apartment break-in (Count 3), and reversed as to defendant's convictions for felony criminal damage to property (Counts 1 and 4); the sentences on Counts 1 and 4 are vacated. This case is remanded for resentencing the defendant

for two class A misdemeanor criminal damage to property convictions.

ABBOTT, J., not participating.