(910 P.2d 859)
No. 72,476

STATE OF KANSAS, *Appellee*, v. MICHAEL PROSPER, *Appellant*.

Opinion filed February 2, 1996.

*Jean K. Gilles Phillips*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Joe E. Lee*, assistant county attorney, *Rodney H. Symmonds*, county attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before ROYSE, P.J., GERNON and PIERRON, JJ.

ROYSE, J.: Michael Prosper was convicted by a jury of one count of sale of cocaine within 1,000 feet of a school. The district court sentenced Prosper to 73 months' imprisonment. Prosper appeals, raising a number of issues.

## EVIDENCE

Prosper's first argument on appeal is that the district court com-

mitted reversible error by admitting testimony of prior drug sales in violation of K.S.A. 60-455. That statute provides:

"Subject to K.S.A. 60-447 evidence that a person committed a crime or civil wrong on a specified occasion, is inadmissible to prove his or her disposition to commit crime or civil wrong as the basis for an inference that the person committed another crime or civil wrong on another specified occasion but, subject to K.S.A. 60-445 and 60-448 such evidence is admissible when relevant to prove some other material fact including motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident."

Appellate review of the admission of prior crimes evidence under 60-455 is limited to whether the trial court abused its discretion or whether the trial court admitted clearly irrelevant evidence. *State v. Dotson*, 256 Kan. 406, 412, 886 P.2d 356 (1994).

In this case, the State claimed that Prosper sold drugs to Greg Senigaur on January 11, 1994. During a recess in the trial, the State informed the district court that it intended to elicit testimony from Senigaur concerning his earlier drug dealings with Prosper. The State argued that the evidence was admissible under 60-455 and that the nature of the relationship between Prosper and Senigaur was relevant to the case. The district court reserved its ruling until the evidence was actually elicited, but commented that the evidence appeared to be admissible only as it related to identity or intent.

When the trial continued, the State asked Senigaur about the nature of his relationship with Prosper. Senigaur responded, "I'd buy drugs from him." Prosper objected on the grounds that prior conduct is inadmissible. The district court overruled the objection. Senigaur went on to testify, without further objection, that he had previously bought marijuana and cocaine from Prosper and that he used some of the drugs and resold the rest.

Prosper argues that the district court erred in admitting the testimony under 60-455, because identity and intent were not placed in issue. Prosper says the evidence was irrelevant, because he merely stood silent and made the State prove its case. This argument is not persuasive.

First, proof of intent and identity were essential elements of the State's burden. The challenged testimony from Senigaur but-

tressed his identification of Prosper and was probative of Prosper's intent. See *State v. Graham*, 244 Kan. 194, 196-97, 768 P.2d 259 (1989). Prosper has failed to show that the evidence was clearly irrelevant or that the district court abused its discretion in admitting the testimony under 60-455.

Second, even if the district court erred in relying on 60-455 to admit the testimony, the decision of the district court may be affirmed if the evidence was admissible independent of 60-455. *State v. Maxwell*, 10 Kan. App. 2d 62, 68, 691 P.2d 1316 (1984), *rev. denied* 236 Kan. 876 (1985). The Supreme Court has observed:

"We have recognized several instances where evidence of prior crimes or civil wrongs may be introduced into evidence independent of K.S.A. 60-455, including evidence to establish the relationship or continuing course of conduct between a defendant and the victim. Evidence of prior acts of a similar nature between a defendant and a victim is admissible independent of K.S.A. 60-455 if the evidence is not offered for the purpose of proving distinct offenses but, rather, to establish the relationship of the parties, the existence of a continuing course of conduct between the parties, or to corroborate the testimony of the complaining witness as to the act charged." *State v. Jones*, 247 Kan. 537, 547, 802 P.2d 533 (1990).

Although *Jones* is couched in terms of evidence to show connections between the defendant and a victim, the same rationale has been applied in cases involving a drug seller and his customer. See *State v. Glazer*, 223 Kan. 351, 360-61, 574 P.2d 942 (1978); *State v. Solem*, 220 Kan. 471, 476, 552 P.2d 951 (1976); *Maxwell*, 10 Kan. App. 2d at 67.

The testimony elicited from Senigaur disclosed an ongoing series of contacts related to drugs between Prosper and Senigaur. These contacts eventually led to the transaction in question. Senigaur's testimony about prior drug transactions showed the relationship between Prosper and Senigaur and revealed how Senigaur was able to buy cocaine from Prosper on January 11, 1994. The evidence was thus admissible independent of 60-455, and the district court did not err in admitting the testimony.

Prosper also argues the district court erred by failing to give an instruction limiting the purpose for which the jury could consider evidence of Prosper's prior drug transactions. When evidence is admissible independent of 60-455, a limiting instruction is not re-

quired. *State v. Cromwell*, 253 Kan. 495, 509, 856 P.2d 1299 (1993). Because the testimony of Senigaur regarding Prosper's prior drug sales was admissible independent of 60-455, the district court did not err in failing to give a limiting instruction.

## INSTRUCTIONS

Prosper argues the district court erred in refusing to give his proposed instruction on sale of cocaine as a lesser included offense of sale of cocaine within 1,000 feet of a school. A defendant in a criminal case is entitled to a jury instruction on his or her theory of the case, even if the evidence introduced thereon is slight and supported only by the defendant's own testimony. *State v. Shortey*, 256 Kan. 166, 172, 884 P.2d 426 (1994). On appeal from a district court's refusal to give a specific instruction, the appellate court must review the evidence in the light most favorable to the party requesting the instruction. *State v. Scott*, 250 Kan. 350, Syl. ¶ 4, 827 P.2d 733 (1992).

To support its claim that Prosper sold cocaine within 1,000 feet of a school, the State presented the testimony of a cartographer, Pamela Dunham. Dunham testified that the distance from the apartment where Prosper sold the cocaine to the Alternative High School was 865 feet. She testified that the measurement had a 50-foot margin of error. On cross-examination, Dunham acknowledged that the straight line between the apartment and the school intersected several buildings. She testified about the distance one would have to travel on "public roadways or sidewalks or alleys" to go from the school to Prosper's apartment. One route covered 1,235 feet; the other covered 1,220 feet.

Based on Dunham's testimony that pedestrian routes between the school and Prosper's apartment exceeded 1,000 feet, Prosper requested a jury instruction on the lesser included offense of sale of cocaine. The district court refused to give the instruction. On appeal, Prosper contends there was sufficient evidence to support the lesser included offense instruction.

Resolution of this issue depends on whether K.S.A. 1993 Supp. 65-4127a(d) requires that sale of narcotics within 1,000 feet of a school be determined by straight-line measurement or by pedes-

trian route. This issue of first impression requires interpretation of the statute, which is a question of law. *State v. Donlay*, 253 Kan. 132, Syl. ¶ 1, 853 P.2d 680 (1993). The appellate court has unlimited review of questions of law. *Gillespie v. Seymour*, 250 Kan. 123, 129, 823 P.2d 782 (1991).

K.S.A. 1993 Supp. 65-4127a(d) provides in part:

"Notwithstanding any other provision of law, upon conviction of any person for a first offense pursuant to subsection (b), such person shall be guilty of a drug severity 2 felony if such person is 18 or more years of age and the substances involved were possessed with intent to sell, deliver or distribute; sold or offered for sale in or on, or within 1,000 feet of any school property upon which is located a structure used by a unified school district or an accredited nonpublic school for student instruction or attendance or extracurricular activities of pupils enrolled in kindergarten or any of the grades one through 12."

It is a fundamental rule of statutory construction, to which all others are subordinate, that the intent of the legislature governs when the intent can be ascertained. *Martindale v. Tenny*, 250 Kan. 621, 626, 829 P.2d 561 (1992). When a statute is plain and ambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. 250 Kan. 621, Syl. ¶ 2.

K.S.A. 1993 Supp. 65-4127a(d) was modeled after the federal "schoolyard statute," 21 U.S.C. § 860 (1994). *State v. Swafford*, 20 Kan. App. 2d 563, 566, 890 P.2d 368 (1995). The federal courts have consistently held that the phrase "within 1,000 feet" of a school requires measurement in a straight line from the school property and not according to some pedestrian route. *United States v. Watson*, 887 F.2d 980, 981 (9th Cir. 1989); *United States v. Ofarril*, 779 F.2d 791, 792 (2d Cir. 1985), *cert. denied* 475 U.S. 1029 (1986); *U.S. v. Robles*, 814 F. Supp. 1249, 1251 (E.D. Pa. 1993). In *U.S. v. Clavis*, 956 F.2d 1079, 1088 (11th Cir. 1992), the court explained:

"Using pedestrian routes 'would violate the plain meaning of the statute. Moreover, it would generate needless and time-consuming debate, and ultimately hamper the statute's enforcement.' [Citation omitted.] A trafficker could operate free of the statute by placing his operation within tossing distance of the schoolyard fence if he could find—or create—a long enough footpath leading to it. And where there is more than one path, as in this case, one path might traverse 1,100 feet

and the other 950 feet. These uncertainties created by the way a child meanders, or a drug dealer or buyer walks, are antithetical to the expressed intention of Congress to create a drug-free zone around each school. The way to create a definite and identifiable zone is by extending radii outward around the property on which the school is located."

In *State v. Swafford,* we held this subsection "was intended to create drug-free school zones." The legislature designed the statute to protect children from drug use and the violence and other negative influences that accompany drug dealing. 20 Kan. App. 2d at 567. Those purposes are achieved by giving effect to the plain meaning of "within 1,000 feet," just as the federal courts have done. See also Webster's Third New International Dictionary 2627 (1986) (definition of "within" is "not farther in length or distance than"). K.S.A. 1993 Supp. 65-4127a(d) requires that "within 1,000 feet" of school property be determined by straight-line measurement, not by pedestrian route.

Prosper did not contradict Dunham's testimony that the distance from school property to his apartment where the drug transaction occurred was less than 1,000 feet. Because her testimony regarding the distance from school property to his apartment via a pedestrian route was irrelevant under the statute, there was no evidence to support Prosper's theory that he could only be guilty of selling cocaine. The district court did not err in refusing to give Prosper's requested lesser included offense instruction.

Prosper also argues the district court erred by failing to instruct the jury that 65-4127a(d) requires proof Prosper knew he was selling cocaine within 1,000 feet of a school. This argument was rejected in *Swafford,* 20 Kan. App. 2d at 567.

## SUFFICIENCY OF THE EVIDENCE

Prosper argues there was insufficient evidence to support the verdict because (1) there was no testimony that any property was "school property"; (2) there was no evidence that he sold cocaine within 1,000 feet of a school, as measured by pedestrian route; and (3) there was no evidence he knew he was selling cocaine within 1,000 feet of a school.

When the sufficiency of the evidence is challenged in a criminal case, the standard of review is whether, after reviewing all the evidence, viewed in the light most favorable to the State, the appellate court is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt. *State v. Timley*, 255 Kan. 286, Syl. ¶ 13, 875 P.2d 242 (1994).

Prosper contends the State failed to prove that any property was "school property" under K.S.A. 1993 Supp. 65-4127a(d), because the school district did not own the property. Whether the statute requires that the school district own the property in question is a question of law subject to unlimited appellate review. *Gillespie v. Seymour*, 250 Kan. at 129.

K.S.A. 1993 Supp. 65-4127a(d) refers to

"[a]ny school property upon which is located a structure used by a unified school district or an accredited nonpublic school for student instruction or attendance or extracurricular activities of pupils enrolled in kindergarten or any of the grades one through 12.

"Nothing in this subsection shall be construed as requiring that school be in session or that classes are actually being held at the time of the offense or that children must be present within the structure or on the property during the time of any alleged criminal act. If the structure or property meets the description above, the actual use of that structure or property at the time alleged shall not be a defense to the crime charged or the sentence imposed."

The testimony in this case revealed that the school property in question was leased by Unified School District No. 253 for instruction of students primarily in the 9th through 12th grades. Prosper asserts that because the building was not owned by the school district, it was not school property under 65-4127a(d). This argument is without merit.

K.S.A. 1993 Supp. 65-4127a(d) requires that the structure or property be *used* by a unified school district or accredited nonpublic school. The statute contains no ownership requirement. Had the legislature intended to adopt an ownership requirement, it could easily have done so. It is not the function of the court to rewrite a statute under the guise of interpretation. *Pestock v. State Farm Auto. Ins. Co.*, 9 Kan. App. 2d 188, 189, 674 P.2d 1062 (1984).

Moreover, the legislature intended for the statute to protect children from the negative effects of drug use and drug dealing. *Swafford*, 20 Kan. App. 2d at 567. Children are exposed to those negative influences when drug deals are conducted near schools regardless of whether the school buildings are owned or leased by school districts.

In light of our conclusions above, we need not address Prosper's second and third claims of insufficiency of evidence.

## VAGUENESS

Prosper argues that K.S.A. 1993 Supp. 65-4127a(d) is unconstitutionally vague because it does not indicate the method to be used in measuring 1,000 feet or clarify whether property must be owned by a school.

If a statute either requires or forbids the doing of an act in terms so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application, the statute is violative of due process. The issue is whether the statute's language conveys a sufficiently definite warning as to the conduct proscribed when measured by common understanding and practice. *Boatright v. Kansas Racing Comm'n*, 251 Kan. 240, 243, 834 P.2d 368 (1992) (citing *Hearn v. City of Overland Park*, 244 Kan. 638, 642, 772 P.2d 758, *cert. denied* 493 U.S. 976 [1989]).

As discussed above, the statutory language indicates the distance is to be determined by straight-line measurement and the property need not be owned by the unified school district or private school. Prosper's vagueness argument is without merit.

Affirmed.