**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10270 |
| Plaintiff-Appellee, | D.C. No.<br>1:15-cr-00243-JMS-1 |
| v. | |
| AARON MUNGIT HU, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, Chief Judge, Presiding

Submitted February 13, 2018[**]
Honolulu, Hawaii

Before: O'SCANNLAIN, CLIFTON, and IKUTA, Circuit Judges.

Aaron Mungit Hu challenges his conviction for possession of

methamphetamine and heroin with intent to distribute within 1000 feet of an

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

elementary school.  *See* 21 U.S.C. §§ 841(a)(1), 860(a).  Because the facts are known to the parties, we repeat them only as necessary to explain our decision.

I

Viewed in the light most favorable to the government, the evidence presented at trial was sufficient to allow a rational juror to find that Hu's crime was committed within 1000 feet of an elementary school.  *See United States v. Johnson*, 874 F.3d 1078, 1080 & n.2 (9th Cir. 2017) (standard for reviewing sufficiency of the evidence).  Agent Dituro testified that his second measurement was shorter than the first because he intentionally walked a more direct path to the school the second time.  A rational juror could have credited Dituro's explanation and accepted his second measurement as accurate.  Further, the slight inaccuracy of the measuring wheel over the course of a 400-meter span does not undermine Dituro's measurements.  Even if five feet were added to Dituro's second measurement, the distance between the arrest site and the school would still be less than 1000 feet.  Finally, with or without reference to the triangle theorem of inequality, a rational juror could have concluded that the straight-line distance between the school and

the arrest site would have been even shorter than the indirect path that Dituro measured.[1]

## II

The district court's decision to give a lesser-included instruction did not conclusively determine that the evidence was insufficient to support the 1000-foot element of Hu's crime. To give the instruction, the court was simply required to conclude that a rational juror *could* find that Hu was guilty of the lesser offense but not the greater—i.e., that a juror *could* rationally find that Hu possessed the drugs with the intent to distribute them, but that he did so more than 1000 feet from the school. *See United States v. Crowe*, 563 F.3d 969, 972 (9th Cir. 2009). The court's observation that a rational juror could have found in Hu's favor on the 1000-foot element does not show that the evidence was insufficient to support the jury's actual finding in favor of the government.

**AFFIRMED.**

---

[1] The relevant distance for the statute is "a straight line measurement" rather than "any 'pedestrian' route of travel." *United States v. Watson*, 887 F.2d 980, 981 (9th Cir. 1989).