NOT DESIGNATED FOR PUBLICATION

No. 117,840

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LUCRETIA JEAN MILLER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; EVELYN Z. WILSON, judge. Opinion filed February 8, 2019. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Rachel L. Pickering,* assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., HILL and SCHROEDER, JJ.

PER CURIAM:  Claiming insufficient evidence, Lucretia Jean Miller appeals her misdemeanor conviction for criminal damage to property. Because the record reveals ample evidence to support her conviction, we affirm.

Early one morning in September 2016, Miller had an argument with her ex-boyfriend, Terry Carr. In the midst of that argument, Carr threw a rock at Miller and a brick at the windshield of her car. Angered by this, Miller drove to Carr's house and threw bricks at the windshield of Carr's 2001 Lexus and a Mercedes owned by them both. This led to the filing of criminal charges.

1

The State charged Miller with criminal damage to property of a value less than $1,000, a class B nonperson misdemeanor; and assault, a class C person misdemeanor. The court tried the case. Because Carr was unavailable to testify, the State dismissed the assault charge. Miller and the investigating police officer testified. The facts are undisputed. The trial court found Carr was the owner of the Lexus and the damage to the Lexus was less than $1,000. The court then found Miller guilty of criminal damage to property and sentenced her to a suspended 10-day jail sentence, with six months unsupervised probation.

To us, Miller argues the State did not introduce sufficient evidence that Carr was the owner of the Lexus or that the value of the Lexus exceeded any damage inflicted. A brief review of the law is helpful at this point.

> "'When sufficiency of the evidence is challenged in a criminal case, the standard of review is whether, after reviewing all the evidence in a light most favorable to the prosecution, the appellate court is convinced a rational factfinder could have found the defendant guilty beyond a reasonable doubt. Appellate courts do not reweigh evidence, resolve evidentiary conflicts, or make witness credibility determinations.' [Citation omitted.]" *State v. Chandler*, 307 Kan. 657, 668, 414 P.3d 713 (2018).

"Criminal damage to property is by means other than by fire or explosive: . . . Knowingly damaging, destroying, defacing or substantially impairing the use of any property in which another has an interest without the consent of such other person." K.S.A. 2016 Supp. 21-5813(a)(1). If the property "damaged is of the value of less than $1,000 or is of the value of $1,000 or more and is damaged to the extent of less than $1,000" the crime is a class B nonperson misdemeanor. K.S.A. 2016 Supp. 21-5813(c)(3).

At trial, the officer testified Miller said that the Mercedes was owned by both herself and Carr, but the Lexus "was just his." The officer testified Carr "considered them both his cars." The officer testified Carr owned the Lexus. Miller testified, "I helped him get the Lexus, but his name was on the—." She testified Carr drove the Lexus. Miller testified the damage to the Lexus—a broken windshield—was less than $1,000.

This testimony is enough to establish that Carr had "an interest" in the Lexus. See K.S.A. 2016 Supp. 21-5813(a)(1). The phrase "an interest" in the criminal damage to property statute includes a possessory or a proprietary interest in the property. See *State v. Fisher*, 304 Kan. 242, 262, 373 P.3d 781 (2016). The State did not need to prove Carr had the title to or sole ownership of the vehicle. At trial, Miller admitted that the Lexus belonged to Carr and he was the one who drove it.

The testimony was also sufficient to establish the damage was less than $1,000 for purposes of determining that Miller committed a misdemeanor. A defendant cannot be convicted of *felony* criminal damage to a vehicle based on the value of the damages to the vehicle if the damage value is greater than the value of the vehicle itself. *State v. Jones*, 247 Kan. 537, 542, 802 P.2d 533 (1990), *disapproved on other grounds by State v. Gunby*, 282 Kan. 39, 144 P.3d 647 (2006). Here, however, Miller was charged with and convicted of *misdemeanor* criminal damage to property. The State did not have to prove the value of the vehicle because it would fall into K.S.A. 2016 Supp. 21-5813(c)(3) either way. If the Lexus had a "value of less than $1,000" or if the Lexus was "of the value of $1,000 or more and [was] damaged to the extent of less than $1,000" then it qualifies as a misdemeanor. At trial, Miller testified confidently that the damages were less than $1,000. There is sufficient evidence in this record to sustain the finding of guilt.

Affirmed.