[Nos. 10432-0-III; 10384-6-III. Division Three. July 25, 1991.]

THE STATE OF WASHINGTON, *Respondent,* v. HECTOR GARCIA LUA, *Appellant.*

THE STATE OF WASHINGTON, *Respondent,* v. MARIO MAGANA, *Appellant.*

36

*Myrna Contreras-Trejo,* for appellant Lua.

*Thomas Bothwell* and *Prediletto, Halpin, Cannon, Scharnikow & Bothwell, P.S.,* for appellant Magana.

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Steven R. Keller* and *Kenneth L. Ramm, Deputies,* for respondent.

MUNSON, J. — Hector Lua and Mario Magana were each convicted of delivery of a controlled substance (cocaine). Since the deliveries both occurred within 1,000 feet of a school ground, their standard range sentences were enhanced by 24 months pursuant to RCW 9.94A-.310(5) and former RCW 69.50.435.[1] Messrs. Lua and

---

[1]RCW 9.94A.310(5) provides:

"An additional twenty-four months shall be added to the presumptive sentence for any ranked offense involving a violation of chapter 69.50 RCW if the offense was also a violation of RCW 69.50.435."

Former RCW 69.50.435 provides in pertinent part:

"(a) Any person who violates RCW 69.50.401(a) by manufacturing, selling, delivering, or possessing with the intent to manufacture, sell, or deliver a controlled substance listed under that subsection to a person in a school or on a school bus or within one thousand feet of a school bus route stop designated by the school district or within one thousand feet of the perimeter of the school grounds is punishable by a fine of up to twice the fine otherwise authorized by this chapter, but not including twice the fine authorized by RCW 69.50.406, or by imprisonment of up to twice the imprisonment otherwise authorized by this chapter, but not including twice the imprisonment authorized by RCW 69.50.406, or by both such fine and imprisonment.

"(b) It is not a defense to a prosecution for a violation of this section that the person was unaware that the prohibited conduct took place while in a school or school bus or within one thousand feet of the school or school bus route stop.

"(c) It is not a defense to a prosecution for a violation of this section or any other prosecution under this chapter that persons under the age of eighteen were not present in the school, the school bus, or at the school bus route stop at the time of the offense or that school was not in session."

RCW 69.50.401(a) provides:

"Except as authorized by this chapter, it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance."

Magana challenge the constitutionality of the 24-month enhancement. We have consolidated their appeals for purposes of this opinion. We affirm.

FACTS

While patrolling near Martin Luther King Park, adjacent to Washington Middle School, Officer Steve Davis saw Hector Lua engaged in what appeared to be a drug transaction. When confronted by the officer, the second party involved handed him items which contained cocaine. According to the officer, the distance from the location of the drug transaction to the perimeter of the school measured 484 feet.

A Yakima police officer contacted Mario Magana at Martin Luther King Park. Mr. Magana threw down a piece of paper which the officer retrieved and found contained two pieces of what appeared to be heroin. The officer searched Mr. Magana and found an open plastic bag containing white powder. Mr. Magana admitted the heroin belonged to him and he was giving some cocaine to a girl. The incident occurred 76 feet from the grounds of Washington Middle School.

CONSTITUTIONAL ARGUMENTS

■ Mr. Magana contends RCW 9.94A.310(5) and RCW 69.50.435 violate his right to equal protection under the law. "Equal protection of the laws under state and federal constitutions requires that persons similarly situated with respect to the legitimate purpose of the law receive like treatment." *Harmon v. McNutt*, 91 Wn.2d 126, 130, 587 P.2d 537 (1978).

■ A challenged statute is presumed constitutional and the challenger has the burden of proving it is unconstitutional. *State v. Rhodes*, 92 Wn.2d 755, 600 P.2d 1264 (1979). It should not be declared unconstitutional unless it appears so beyond a reasonable doubt. *State v. Maciolek*, 101 Wn.2d 259, 263, 676 P.2d 996 (1984). When a challenged legislative act does not involve a suspect classification or affect a fundamental right, the rational basis

test for equal protection applies. *Conklin v. Shinpoch*, 107 Wn.2d 410, 730 P.2d 643 (1986). Under the rational basis test, this court determines (1) whether the legislation applies alike to all members within the designated class; (2) whether there are reasonable grounds to distinguish between those within and those without the class; and (3) whether the classification has a rational relationship to the purpose of the legislation. *Convention Ctr. Coalition v. Seattle*, 107 Wn.2d 370, 378-79, 730 P.2d 636 (1986).

First, the designated class is those individuals violating RCW 69.50.401(a) within 1,000 feet of a school yard. The sentence enhancement legislation does apply alike to all those persons.

■■ Next, there are reasonable grounds to distinguish between persons who engage in the delivery of drugs within 1,000 feet of a school yard and those who ply their trade elsewhere. The Legislature has wide discretion in defining a class, and when the class is challenged, facts are presumed to support the class. *Yakima Cy. Deputy Sheriff's Ass'n v. Board of Comm'rs*, 92 Wn.2d 831, 835, 601 P.2d 936 (1979). Children, lacking mature judgment and sophistication, have proven particularly vulnerable to the predations of drug traffickers as well as to crimes of violence likely to occur in the "dangerous criminal milieu" which accompanies drug trafficking. *United States v. Holland*, 810 F.2d 1215, 1219 (D.C. Cir.), *cert. denied*, 481 U.S. 1057 (1987). School grounds and their immediate vicinity may be presumed to constitute areas in which children are more highly concentrated than in other urban areas. By law, children's presence at school is required during school hours. School grounds, playgrounds, and playground equipment are particularly attractive to children. As a result, children are drawn to the vicinity of school grounds even outside school hours. Thus, there exist reasonable grounds to distinguish between persons who engage in the delivery of drugs within 1,000 feet of school grounds and those who deliver drugs elsewhere.

Mr. Magana argues the 24-month enhancement is unconstitutional because the statute does not allow a defense that no children were present and thus is not rationally related to the state interest of protecting children. RCW 69.50.435(c) provides:

> It is not a defense to a prosecution for a violation of this section or any other prosecution under this chapter that persons under the age of eighteen were not present in the school . . . at the time of the offense or that school was not in session.

To successfully challenge the rational relationship of a statute to the legislative purpose, the challenger "must show conclusively that the classification is contrary to the legislation's purposes." *Yakima Cy. Deputy Sheriff's Ass'n*, at 836.

■ Presumably, the purpose of the enhanced penalty statute is to protect children from drug traffickers and other criminal activities that may result from their presence. Increasing the penalties for delivery of drugs near school grounds will discourage drug traffickers from engaging in illegal activities in areas where children are most likely to congregate. The legislation is rationally related to the legitimate legislative purpose of providing increased protection for children. While the Legislature could have used a classification based on the presence or involvement of children in particular drug transactions, the fact it specifically removed this requirement does not detract from the rational relationship between the classification employed in the statute and the purpose it sought to achieve.

Although we are persuaded the classification is rationally related to the legislative goal of protecting children by deterring the distribution of controlled substances in the vicinity of school property, *State v. Rodriguez*, 225 N.J. Super. 466, 542 A.2d 966, 969 (1988), we find a more rigorous test for equal protection violations is applicable when, as here, a liberty interest is involved.

 Traditionally, two separate equal protection tests have been recognized by Washington courts: the rational relationship test and the strict scrutiny test. *State v. Phelan*, 100 Wn.2d 508, 512, 671 P.2d 1212 (1983). In the narrow instance when one's physical liberty is at issue, Washington courts apply a third test, intermediate scrutiny, to analyze an equal protection challenge. *In re Knapp*, 102 Wn.2d 466, 471, 687 P.2d 1145 (1984); *Phelan*, at 512-14; *State v. Ham*, 39 Wn. App. 7, 9, 691 P.2d 239 (1984).[2] Under this test, the State may designate a class and treat it differently only if the challenged law may fairly be viewed as furthering a substantial interest of the State. *Phelan*, at 512; *see In re Knapp, supra.* Here, Messrs. Lua's and Magana's physical liberties are at issue and we find the intermediate scrutiny test applicable.

 The State has a substantial interest in preventing the direct and indirect social ills which accompany drug dealing, *United States v. Cunningham*, 615 F. Supp. 519, 520 (S.D.N.Y. 1985), and thus in protecting children from the direct influence of drug activity and in protecting their schools from crimes like vandalism which may be associated with that activity. A sentence enhancement for drug-related offenses committed within 1,000 feet of a school yard furthers that interest. Thus, the statute furthers a substantial state interest and is constitutional even under the intermediate scrutiny test.

Mr. Magana argues the statutory scheme for enhanced penalties is unconstitutional because it does not require

---

[2]*State v. Brayman*, 110 Wn.2d 183, 196, 751 P.2d 294 (1988) is distinguishable. There, Mr. Brayman contended the use of breath alcohol levels discriminated against those who have high breath alcohol levels despite low blood alcohol levels. The court used a rational relationship test stating: "Unlike the defendant in *Phelan*, who was already incarcerated, a defendant under the 1986 amendments [to the DWI statutes] may or may not be convicted and suffer a loss of liberty." *Brayman*, at 199.

Unlike *Brayman*, this statute does not go to the manner of proof of the State's case or the guilt or innocence of Messrs. Lua and Magana. Here, they each have been convicted. They will serve a sentence under the guidelines regardless of what this court decides. The only question is the length of that sentence and thus their physical liberty interest is directly in issue.

the prosecution to prove each and every element of the crime. The relevant statutory provision reads as follows:

It is an affirmative defense to a prosecution for a violation of this section that the prohibited conduct took place entirely within a private residence, that no person under eighteen years of age or younger was present in such private residence at any time during the commission of the offense, and that the prohibited conduct did not involve delivering, manufacturing, selling, or possessing with the intent to manufacture, sell, or deliver any controlled substance in RCW 69.50.401(a) for profit. *The affirmative defense established in this section shall be proved by the defendant by a preponderance of the evidence.*

(Italics ours.) RCW 69.50.435(d).

■■ Before a defendant can be subjected to an enhanced penalty, the State must prove beyond a reasonable doubt every essential element of the allegation which triggers the enhanced penalty. *State v. Tongate*, 93 Wn.2d 751, 754-55, 613 P.2d 121 (1980). While nonexistence of a defense directly negating a statutory element must be shown by the State, a defendant may be required to establish a statutory exception or affirmative defense. *State v. Lawson*, 37 Wn. App. 539, 541, 681 P.2d 867 (1984). Here, for the enhancement to apply, the State must prove not only the underlying elements of the crime, but also that the crime occurred within 1,000 feet of a public school or school ground. To establish the affirmative defense, a defendant must show the offense was within a private residence, no one under 18 was present, and the delivery was not done for profit. The elements of the offense are distinct from the elements of the affirmative defense which is applicable only to an enhanced sentence. It is not an element of the crime with which a defendant is charged. When a defendant asserts the statutory defense, the burden on the State to prove the facts sufficient to establish the enhanced sentence remains unchanged.

Next, Mr. Magana argues the court erroneously interpreted the sentencing provisions of RCW 9.94A.310(5) and RCW 69.50.435(a).

RCW 69.50 establishes the maximum penalty for drug-related crimes. The statutory language in former RCW 69.50.435(a) which allows punishment of "up to twice the imprisonment otherwise authorized by this chapter" applies to maximum terms. Mr. Magana does not contend his sentence exceeded the maximum term (*i.e.*, 10 years under RCW 69.50.401(a)(1)(i), doubled to 20 years under RCW 69.50.435(a)).

█ The 24-month sentence enhancement expressly provides "an additional twenty-four months shall be added to the presumptive sentence" if an offense was a violation of RCW 69.50.435. RCW 9.94A.310(5). The presumptive sentence range is determined by the location on the sentencing grid, table 1, RCW 9.94A.310(1), defined by the appropriate offender score and the seriousness level of the crime. *See* RCW 9.94A.310(1). The court may impose a sentence within the presumptive range. RCW 9.94A.370(1). The legislative intent behind the sentence enhancement provision of RCW 9.94A.310(5) was to require the court, after determining the appropriate standard range sentence for a particular defendant, to add an additional 24 months to the standard range sentence, not to enlarge the range itself. The court properly applied RCW 9.94A.310(5) to increase Mr. Magana's standard range sentence of 30 months to 54 months.

Affirmed.

Pursuant to RCW 2.06.040, the remaining contentions and the court's answers to those contentions, having no precedential value, will not be published.

SHIELDS, A.C.J., and THOMPSON, J., concur.

Review denied at 117 Wn.2d 1025 (1991).