[Nos. 10752-3-III; 10722-1-III; Division Three. July 25, 1991.]
10488-5-III; 10697-7-III;
10456-7-III; 10657-8-III.

THE STATE OF WASHINGTON, *Respondent,* v. ONTONIEL
LEYVE CORIA, *Appellant.*

THE STATE OF WASHINGTON, *Respondent,* v. RICARDO
CASTILLO FLORES, *Appellant.*

THE STATE OF WASHINGTON, *Respondent,* v. PABLINO
ALFARO HERNANDEZ, *Appellant.*

THE STATE OF WASHINGTON, *Respondent,* v. ELDON
JAMES MUNS, *Appellant.*

THE STATE OF WASHINGTON, *Respondent,* v. ERIC
WILLIAM PRICE, *Appellant.*

THE STATE OF WASHINGTON, *Respondent,* v. JUAN H.
SUAREZ, *Appellant.*

46

*Paul Wasson,* for appellants Coria, Flores, and Muns.

*Myrna Contreras-Trejo,* for appellant Hernandez.

*Michael W. Lynch,* for appellant Price.

*Thomas Bothwell* and *Prediletto, Halpin, Cannon, Scharnikow & Bothwell, P.S.,* for appellant Suarez.

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Steven R. Keller* and *Ruth E. Reukauf, Deputies,* for respondent.

MUNSON, J. — Each of the appellants was convicted of delivery of a controlled substance. The primary issue in these cases is not the crime itself, *i.e.*, the selling or intent to sell or deliver a prohibited controlled substance. RCW 69.50.401(a). The issue is the constitutionality of the sentence enhancement based on the location where the sale or delivery took place. RCW 69.50.435. These offenses occurred within a 1,000-foot radius of a school bus route stop;[1] each sentence was enhanced by 24 months. The specific facts of their individual cases will be discussed only where necessary to address their specific contentions.

The appellants each contend RCW 69.50.435 violates their constitutional rights of due process and equal protection. Their appeals have been consolidated for purposes of this opinion. We affirm the convictions and reverse the enhanced sentences.

## DUE PROCESS

Appellants contend RCW 9.94A.310(5) and RCW 69.50-.435[2] violate their right to due process because they fail to provide fair notice of the conduct which is prohibited; more particularly the location of school bus route stops.

---

[1] RCW 69.50.435(f)(3) defines a school bus route stop as "a school bus stop as designated on maps submitted by school districts to the office of the superintendent of public instruction."

[2] RCW 9.94A.310(5) provides:
"An additional twenty-four months shall be added to the presumptive sentence for any ranked offense involving a violation of chapter 69.50 RCW if the offense was also a violation of RCW 69.50.435."
Former RCW 69.50.435(a) provides: "Any person who violates RCW 69.50-.401(a) by manufacturing, selling, delivering, or possessing with the intent to manufacture, sell, or deliver a controlled substance listed under that subsection to a person in a school or on a school bus or within one thousand feet of a school bus route stop designated by the school district or within one thousand feet of the perimeter of the school grounds is punishable by a fine of up to twice the fine otherwise authorized by this chapter, but not including twice the fine authorized by RCW 69.50.406, or by imprisonment of up to twice the imprisonment otherwise authorized by this chapter, but not including twice the imprisonment authorized by RCW 69.50.406, or by both such fine and imprisonment."
Both statutes are found in Laws of 1989, ch. 271, §§ 101 and 112.

48

■ ■ A challenged statute is presumed constitutional and the challenger has the burden of proving beyond a reasonable doubt that it is unconstitutional. *State v. Maciolek*, 101 Wn.2d 259, 263, 676 P.2d 996 (1984); *State v. Rhodes*, 92 Wn.2d 755, 600 P.2d 1264 (1979). Due process requires a statute to:

> *provide fair notice*, measured by common practice and understanding, *of that conduct which is prohibited*, so that persons of reasonable understanding are not required to guess at the meaning of the enactment . . . and . . . contain ascertainable standards for adjudication so that police, judges, and juries are not free to decide what is prohibited and what is not, depending on the facts in each particular case . . ..

(Italics ours.) *State v. Brayman*, 110 Wn.2d 183, 196, 751 P.2d 294 (1988) (quoting *State v. Carter*, 89 Wn.2d 236, 239-40, 570 P.2d 1218 (1977)); *Maciolek*, at 264.

The appellants have a right to know the nature of the behavior which will subject them to the enhancement of their sentences. *State v. Galbreath*, 69 Wn.2d 664, 667, 419 P.2d 800 (1966). Thus, the location of school bus route stops must be reasonably ascertainable. RCW 69.50-.435(e)[3] provides the manner in which this may be done.

In each case, the State did not rely on a map, but rather on that section of the statute which permits it to

---

[3]Former RCW 69.50.435(e) provides as follows:

"In a prosecution under this section, a map produced or reproduced by any municipal, school district, or county engineer for the purpose of depicting the location and boundaries of the area on or within one thousand feet of any property used for a school or school bus route stop, or a true copy of such a map, shall under proper authentication, be admissible and shall constitute prima facie evidence of the location and boundaries of those areas if the governing body of the municipality, school district, or county has adopted a resolution or ordinance approving the map as the official location and record of the location and boundaries of the area on or within one thousand feet of the school or school bus route stop. Any map approved under this section or a true copy of the map shall be filed with the clerk of the municipality or county, and shall be maintained as an official record of the municipality or county. *This section shall not be construed as precluding the prosecution from introducing or relying upon any other evidence or testimony to establish any element of the offense.* This section shall not be construed as precluding the use or admissibility of any map or diagram other than the one which has been approved by the governing body of a municipality, school district, or county if the map or diagram is otherwise admissible under court rule." (Italics ours.)

introduce "other evidence or testimony to establish an element of the offense." The State called Gary Baffaro, the school district's director of transportation. His testimony demonstrates the difficulty of ascertaining the location of school bus route stops.

Mr. Baffaro admitted (1) the bus stops are not marked; (2) the stops are changed according to the needs of the children; (3) the map and its overlays submitted to the superintendent of public instruction (SPI) are not kept on file in that office and are sometimes in transit and not available to anyone; (4) there is only one copy of this master map and to his knowledge no copies are made; (5) the log in his office contains the current stops and is not a record of the stops designated on the map submitted to the SPI; (6) the bus stops so designated are shown only on a combination of roughly 60 tracings or overlays of the master map and no one could interpret these without specific knowledge; (7) although the stops from the previous year are published in a local newspaper on Labor Day, those published stops are not necessarily the stops which will later be designated on the map filed with the SPI since the map of the current year's stops is assembled sometime in October; and (8) the map which designates the bus stops is not filed with the municipal or county clerk.

The State maintains any person could have called Mr. Baffaro to learn the location of the school bus route stops. However, the log he keeps of current bus stops does not always reflect the contents of the map sent to SPI which is the only map relevant to the statutory enhancement.

■ Furthermore, RCW 69.50.435(b) states that "[i]t is not a defense . . . that the person was unaware that the prohibited conduct took place while in a school or school bus or within one thousand feet of the school or school bus route stop." We have previously held that, as it relates to sales within a 1,000-foot radius of a school, this is valid legislation. *State v. Lua*, 62 Wn. App. 34, 813 P.2d 588 (1991). The same does not hold true for a school bus route

stop. These stops are not marked or signed. They are only used intermittently; the individual affected by the enhancement may not be present during the time of use; there are no buses or children using these stops at night, on weekends, or during school vacations. A person within a 1,000-foot radius of a school bus route stop may be totally unaware of its existence. It is only after an arrest that the distance to a school bus route stop is ascertained. If the arresting officer cannot ascertain the distance at the time of the arrest, it is unreasonable to expect a particular defendant to have that knowledge at the time of the sale.[4] To hold a person subject to an enhanced sentence under these conditions, when children are not present, does not comply with the first test of due process, fair notice. Having so found, we need not respond to other due process arguments.

## EQUAL PROTECTION

██ ██ Appellants contend the statutes violate equal protection guaranties. Equal protection of the law is guaranteed to citizens of the United States under the fourteenth amendment to the United States Constitution and to citizens of Washington by article 1, section 12 of the Washington State Constitution. "Equal protection of the laws under state and federal constitutions requires that persons similarly situated with respect to the legitimate purpose of the law receive like treatment." *Harmon v. McNutt*, 91 Wn.2d 126, 130, 587 P.2d 537 (1978). In *Lua*, we held that in the narrow instance when one's physical liberty is at issue, Washington courts apply an intermediate scrutiny test to analyze an equal protection challenge. Under this test, the court determines whether (1) the legislation applies alike to all members within the designated class; (2) there are reasonable grounds to distinguish between those within and those outside the class;

---

[4]The applicability of the "judicial test of reasonableness" in ascertaining the valid exercise of the police power under the due process clause has not been raised or briefed by the parties. Therefore, we do not raise that issue sua sponte. However, *see Petstel, Inc. v. County of King*, 77 Wn.2d 144, 154, 459 P.2d 937 (1969); *Remington Arms Co. v. Skaggs*, 55 Wn.2d 1, 6, 345 P.2d 1085 (1959).

and (3) the classification may be fairly viewed as further-ing a substantial interest of the State. *See Convention Ctr. Coalition v. Seattle*, 107 Wn.2d 370, 378-79, 730 P.2d 636 (1986); *State v. Phelan*, 100 Wn.2d 508, 512, 671 P.2d 1212 (1983).

First, the designated class is composed of those individuals violating RCW 69.50.401(a) within a 1,000-foot radius of a school bus route stop. The sentence enhancement legislation does apply alike to all those per-sons.

Second, we examine whether there are reasonable grounds to distinguish between persons who engage in the delivery of drugs within a 1,000-foot radius of a school bus route stop and those who do so elsewhere.

> The Legislature has wide discretion in defining a class, and when the class is challenged, facts are presumed to sup-port the class. *Yakima Cy. Deputy Sheriff's Ass'n v. Board of Commr's*, 92 Wn.2d 831, 835, 601 P.2d 936 (1979). Children, lacking mature judgment and sophistication, have proven particularly vulnerable to the predations of drug traffickers as well as to crimes of violence likely to occur in the "danger-ous criminal milieu" which accompanies drug trafficking. *United States v. Holland*, 810 F.2d 1215, 1219 (D.C. Cir.), *cert. denied*, 481 U.S. 1057 (1987).

*Lua*, at 39.

■ School bus route stops and their immediate vicinity are not necessarily places where children are often highly concentrated or even present other than on specific days and at specific times. There are no reasonable grounds to distinguish between persons who deliver drugs at or near a school bus route stop during nonschool and nonbus hours and those who deliver drugs at other times and places. If, as we believe, the purpose of the legislation is concern for children and places where they gather, the reasonableness of an enhancement based on proximity to school bus route stops is not so apparent. There is no evidence that children or persons under the age of 18 congregate at school bus route stops other than when the school bus is expected or drops them off. However, there may well be places within a 1,000-foot radius of a school

bus route stop, totally unrelated to any school activity, where children do congregate. Thus, proximity to these stops 24 hours a day, 365 days a year bears no reasonable relationship to the purpose of protecting children.

■ Third, under the intermediate scrutiny test, the classification must further a substantial interest of the State. Mr. Baffaro testified that only one small area within the city limits of Yakima was not within a 1,000-foot radius of a school bus route stop. For all practical purposes, the entire metropolitan area of the city of Yakima is blanketed by the enhanced penalty. If the intent of the Legislature was to enhance the penalty for drug trafficking as it affects persons under 18, there has to be a better way. Illogical and irrational patterns of applicability of the statute may occur in other communities dependent only upon the busing policy of the local school district. No substantial interest of the State is furthered by this irrational classification.

■ Nor do we find, even utilizing the rational relationship test, that the statute meets constitutional standards. Under this test, the statute is subject to minimal scrutiny and will be upheld unless it rests on grounds wholly irrelevant to the achievement of the legislative state objective. *State v. Brayman*, 110 Wn.2d 183, 199, 751 P.2d 294 (1988). The sentence enhancement must be narrow enough to be directed at only those offenses occurring near school bus route stops and at days and times when children will likely be present. The challenged law cannot be fairly viewed as being rationally related to the State's interest in protecting school children from drug vendors. Thus, we find that the provision relating to a sale within a 1,000-foot radius of a school bus route stop does not pass constitutional muster under the fourteenth amendment to the United States Constitution or article 1, sections 3 and 12 of the Washington State Constitution.

Several of the appellants contend the statute fails because it contains no mens rea requirement. We do not address that issue, having decided the challenged provi-

sion violates the due process and equal protection clauses of the federal and state constitutions.

These convictions are affirmed; the enhanced sentences are reversed and the cases remanded for resentencing.

Pursuant to RCW 2.06.040, the remaining contentions and the court's opinion, having no precedential value, will not be published.

SHIELDS, A.C.J., and THOMPSON, J., concur.

Review granted at 117 Wn.2d 1022 (1991).