[No. 10743-4-III.   Division Three.   June 4, 1992.]

THE STATE OF WASHINGTON, *Respondent,* v. DONNELL MILES, *Appellant.*

*Kenneth L. Knox,* for appellant.

*Dennis DeFelice, Prosecuting Attorney,* and *Kevin P. Donnelly, Deputy,* for respondent.

THOMPSON, A.C.J. — Donnell Miles pleaded guilty to one count of delivery of cocaine and received an 87-month sentence. He appeals his sentence, contending one point should not have been added to his offender score for having committed the offense while under community placement. We affirm.

The trial court determined Mr. Miles had an offender score of 8, based on the following:

| | |
|---|---|
| Distribution of Heroin/Forgery | 3 points |
| Burglary | 1 point |
| Unlawful Possession | 1 point |
| Theft of Livestock | 1 point |
| Possession of Stolen Property | 1 point |
| Offense Committed While on Community Placement | 1 point |

At the time of sentencing, former RCW 9.94A.360(17) provided: "If the present conviction is for an offense committed while the offender was under community placement, add one point." Former subsection 17 remains part of the Sentencing Reform Act of 1981. RCW 9.94A.360(18).

According to Mr. Miles, his constitutional due process and equal protection rights are violated by application of the 1-point provision of former RCW 9.94A.360(17). That one point made a difference of 10 months on the low end and 14 months on the high end. In addition, his parole will be revoked and he will be given additional time under his old charge as a result of the additional point.

■ Statutes are presumed constitutional and the challenging party has the burden of demonstrating the invalidity of the statute beyond a reasonable doubt. *Clarke v. Equinox Holdings, Ltd.*, 56 Wn. App. 125, 130, 783 P.2d 82, *review denied*, 113 Wn.2d 1001 (1989); *Hontz v. State*, 105 Wn.2d 302, 306, 714 P.2d 1176 (1986). Defendant does not explain in what way former RCW 9.94A.360(17) violates his state or federal constitutional rights, nor does he cite any authority to support his assertion of unconstitutionality.

■ ■ In general terms, equal protection requires that persons similarly situated receive like treatment. *Harmon v. McNutt*, 91 Wn.2d 126, 587 P.2d 537 (1978). As noted in *State v. Carter*, 64 Wn. App. 90, 93, 823 P.2d 523 (1992), when a statute involving neither a fundamental right nor a suspect classification is challenged on equal protection grounds, the reviewing court applies the rational basis test.

A statute violates equal protection guaranties unless (1) the legislation applies equally to all members within a designated

> class, (2) there are reasonable grounds to distinguish between those within and those without the class, and (3) the classification is rationally related to its legislative purpose. [*State v. Lua*, 62 Wn. App. 34, 39, 813 P.2d 588, *review denied*, 117 Wn.2d 1025 (1991)].
>
> When a challenged classification implicates physical liberty of class members, the intermediate scrutiny test is applicable. *Lua*, at 41.

*Carter*, at 93.

The State argues that offenders who commit a crime while on community placement are given enhanced sentences affecting their liberty interests. According to the State, an intermediate level of scrutiny is required under *In re Mota*, 114 Wn.2d 465, 788 P.2d 538 (1990) and *State v. Lua*, 62 Wn. App. 34, 813 P.2d 588, *review denied*, 117 Wn.2d 1025 (1991). Since the State concedes that the intermediate level of scrutiny applies, we only need determine if former subsection 17 furthers a substantial interest of the State. *In re Phelan*, 100 Wn.2d 508, 512, 671 P.2d 1212 (1983) (citing *Plyler v. Doe*, 457 U.S. 202, 217-18, 72 L. Ed. 2d 786, 102 S. Ct. 2382 (1982)); *Lua*, at 41.

The State argues there are two purposes served by former RCW 9.94A.360(17): (1) protecting society and (2) deterring offenders on community placement from committing subsequent crimes. We agree. Offenders on community placement have committed serious violent, sex or drug offenses and are in a class likely to reoffend. RCW 9.94A-.120(8)(a). Such crimes are a serious threat to the safety of the community. Protecting society and deterring those on community placement from reoffending are substantial state interests which are furthered by former subsection 17.

The Legislature chose to deal with offenders on community placement differently and more strictly than other offenders. It is reasonable to conclude that a defendant who commits a crime while on community placement is more culpable than one who is not on community placement when the crime is committed. Adding one point to the offender's score is rationally related to the State's purpose of protecting the public. Equal protection is not violated by giving different

punishments for the same criminal act when those different punishments are based upon culpability, criminal history and other facts which differ from defendant to defendant. *Jansen v. Morris*, 87 Wn.2d 258, 551 P.2d 743 (1976). The challenged statute does not violate equal protection guaranties under either the rational basis or intermediate scrutiny tests.

■ We fail to see how, as Mr. Miles contends, his due process rights have been violated by former RCW 9.94A-.360(17). The statute provides fair warning that one point will be added to the offender score and its application is not subject to arbitrary enforcement. *State v. Brayman*, 110 Wn.2d 183, 196, 751 P.2d 294 (1988); *Carter*, at 94. Mr. Miles has failed to demonstrate the unconstitutionality of the challenged statute.

As to Mr. Miles' final contention regarding fairness and purpose, the 1-point provision furthers the objectives of RCW 9.94A.010. It ensures that punishment is proportionate to both the seriousness of the offense and the offender's criminal history and it serves to protect the public.

We affirm.

MUNSON and SWEENEY, JJ., concur.

Reconsideration denied July 9, 1992.

Review denied at 120 Wn.2d 1012 (1992).