[No. 11418-0-III. Division Three. February 9, 1993.]

THE STATE OF WASHINGTON, *Respondent,* v. JAMES MICHAEL WIMBS, *Appellant.*[†]

---

[†]Reporter's Note: This opinion has been superseded by *State v. Wimbs,* 74 Wn. App.

*Hugh M. Spall,* for appellant.

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Kenneth L. Ramm, Deputy,* for respondent.

MUNSON, J. — Following a bench trial, James M. Wimbs was convicted of possession of a controlled substance, methamphetamine, with intent to deliver, RCW 69.50.401-(a)(1)(iii). His standard range sentence was enhanced by 24 months pursuant to RCW 9.94A.310(5) because the crime occurred within 1,000 feet of a school ground, in violation of RCW 69.50.435(a).

He appeals, contending prejudicial error based on: (1) failure to prove intent to deliver to a person within the school zone; (2) failure to demonstrate the accuracy of the system used to measure the 1,000 feet; (3) the unconstitutionality of RCW 69.50.435; (4) the misuse of the "straight line" method to measure the 1,000-foot distance; and (5) imposition of financial obligations as part of his punishment without ascertaining his ability to pay. We affirm the conviction under RCW 69.50.401(a)(1)(iii), but reverse the finding under RCW 69.50.435(a) and the sentence enhancement under RCW 9.94A.310(5).

## FACTS

On July 13, 1990, after receiving information from a confidential informant, officers of the Yakima City/County Narcotics Unit served a search warrant on 1614 South 8th Avenue in Yakima. Mr. Wimbs answered the door. Janelle Stroud was also present in the home. Both Mr. Wimbs and Ms. Stroud were advised of their *Miranda* rights and the search warrant was read to them. During the search, Detectives Belles and Blankenbaker found items, including a driver's license, indicating Mr. Wimbs had dominion over the premises. Other evidence included: a notebook with chemical names and prices; a functioning police band scanner; a plastic tray containing small bowls and mixing equipment; 26 small plastic zip-lock baggies containing methamphetamine with a gross weight of methamphetamine at 14.7 grams, valued at approximately $840; and, in Mr. Wimbs' wallet, a small plastic bag containing white powder residue. In addition, the officers found several small plastic baggies;

an electronic gram scale; two bottles of white powder — one labeled Super-B, which is a common cutting agent; a triple beam scale; and chemistry books marked at instructions for manufacturing methamphetamine.

After Mr. Wimbs admitted the "stuff" was all his and he paid rent at the house, Ms. Stroud then stated "he never gives it to his kids".

Detective Blankenbaker measured the distance from the front yard of 1614 South 8th Avenue, south to Pierce, then west to the Lewis and Clark Middle School grounds at 10th Avenue and Pierce, which was a pedestrian route to the school. The distance was 1,072 feet.

Detective Blankenbaker also measured the distance in a straight line from Mr. Wimbs' property to the school grounds using a rolling tape device. The distance was 659 feet. Aerial photo maps submitted as exhibits show the distance between the pertinent roadways — 8th and 10th Avenues — is approximately 670 feet. Mr. Wimbs assigns error to this finding to the extent the method of measurement supports a measurement of less than 1,000 feet.

Mr. Wimbs was charged by information with "possession of a controlled substance: methamphetamine, with intent to deliver RCW 69.50.401(a)[(1)](iii)", in violation of RCW 69.50-.435 and RCW 9.94A.310(5), "whereby under those statutory provisions certain sentencings are invoked, i.e. crime occurred within 1,000 feet of the school grounds or a school bus stop".

Mr. Wimbs was convicted and sentenced to a standard range sentence of 69 months, which included the 24-month school grounds enhancement.

INTENT RE: RCW 69.50.435 — ADDITIONAL PENALTY

Mr. Wimbs contends the plain meaning of RCW 69.50.435 requires the State to prove intent to deliver a controlled substance *to a person within 1,000 feet of a schoolyard*. The State disagrees, contending this interpretation would lead to the absurd result that an offender could also "manufacture to a person".

RCW 9.94A.310(5) provides: "An additional twenty-four months shall be added to the presumptive sentence for any

ranked offense involving a violation of chapter 69.50 RCW if the offense was also a violation of RCW 69.50.435."

RCW 69.50.401(a) provides "it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance."

Former RCW 69.50.435(a)[1] provided:

> Any person who violates RCW 69.50.401(a) by manufacturing, selling, delivering, or possessing with the intent to manufacture, sell, or deliver a controlled substance listed under that subsection *to a person* in a school or on a school bus or within one thousand feet of a school bus route stop designated by the school district or *within one thousand feet of the perimeter of the school grounds* . . . may be punished by . . . imprisonment of up to twice the imprisonment otherwise authorized by this chapter, but not including twice the imprisonment authorized by RCW 69.50.406 . . ..

(Italics ours.) Laws of 1990, ch. 244, § 1. Most of the previous decisions have dealt with actual delivery. *State v. Coria*, 120 Wn.2d 156, 839 P.2d 890 (1992) (actual deliveries occurred within a 1,000-foot radius of bus stop); *see State v. Henderson*, 64 Wn. App. 339, 824 P.2d 492 (actual delivery in city park; enhanced penalty for selling drugs in park is constitutional), *review denied*, 119 Wn.2d 1004 (1992); *State v. Carter*, 64 Wn. App. 90, 823 P.2d 523 (1992) (actual delivery in public park; no constitutional requirement that element of knowledge be attached to sentence enhancement); *State v. Zamora*, 63 Wn. App. 220, 817 P.2d 880 (1991) (evidence established crime of possession with intent to deliver; however, enhancement improper because State did not charge violation of RCW 69.50.435); *State v. Lua*, 62 Wn. App. 34, 813 P.2d 588 (actual deliveries occurred within school zone), *review denied*, 117 Wn.2d 1025 (1991).

■ The State must prove beyond a reasonable doubt every essential element of the allegation under RCW 69.50.435(a) that triggers the enhancement under RCW 9.94A.310(5). *State v. Tongate*, 93 Wn.2d 751, 754-55, 613 P.2d 121 (1980); *Lua*, at 42.

---

[1] A 1991 amendment to the statute does not affect the instant case. *See* Laws of 1991, ch. 32, § 4.

██ ██ The task of statutory construction is to carry out legislative intent, which must be determined primarily from the language of the statute itself. *State v. Wilbur*, 110 Wn.2d 16, 18, 749 P.2d 1295 (1988). As further stated in *Wilbur*, at 19:

> "If the statutory language is plain and unambiguous, the court's inquiry must end, for a statute's meaning must be derived from the wording of the statute itself." Furthermore, "fundamental fairness requires that a penal statute be literally and strictly construed in favor of the accused although a possible but strained interpretation in favor of the State might be found."

(Footnotes omitted.) Statutes must also be read to avoid absurd results. *General Tel. Co. of Northwest, Inc. v. Utilities & Transp. Comm'n*, 104 Wn.2d 460, 471, 706 P.2d 625 (1985).

On its face, as the State points out, RCW 69.50.435 is susceptible to more than one interpretation because to require proof of "manufacture to a person" would be absurd. Every word, clause and sentence of a statute should be given effect with no part deemed superfluous unless the result of obvious error or mistake. *Cox v. Helenius*, 103 Wn.2d 383, 387-88, 693 P.2d 683 (1985). The phrase "to a person" is meaningful and not superfluous only if it is included in the phrase "possessing with intent to . . . deliver . . . to a person". Consistent with the last antecedent rule, *see Boeing Co. v. Department of Licensing*, 103 Wn.2d 581, 587, 693 P.2d 104 (1985), and the connector "or", the phrase "possessing with intent to . . . deliver . . . to a person" is qualified by the phrase "within one thousand feet of the perimeter of the school grounds". The latter phrase also refers to manufacturing or selling or delivering.

RCW 69.50.435(a) provides an additional penalty for proscribed conduct (possession with intent to deliver) and a prohibited circumstance (to a person within 1,000 feet of a schoolyard). If the definition of a crime prohibits a particular result, the mental element refers to both the act and result:

> The distinctions now drawn between various kinds of crimes in terms of their seriousness, as reflected by the punishments

provided for them, would lose much of their significance if an intent to cause any one specific type of harm would suffice for conviction as to any other type of harm which is criminal when intentionally caused.

A. Scott & W. LaFave, *Criminal Law* § 34, at 243 (1972).

*State v. Ivory*, 124 N.J. 582, 592 A.2d 205 (1991), relied on by the State, held proof of intent to deliver within the prohibited zone irrelevant. However, *Ivory*, at 586, has different statutory language.[2] Reading to avoid absurd results and applying the last antecedent rule, the New Jersey statute exclusively qualifies the act of possession with the phrase "with intent to distribute". The phrase "while . . . within 1,000 feet of such school property" qualifies the acts of "distributing, dispensing or possession with intent to distribute". The language in the New Jersey statute conveys the legislative intent to punish the act of possession with intent to distribute regardless of the purchaser's location inside or outside the prohibited school zone. By contrast, the Washington statute provided specific language which, consistent with the rules of construction and of fundamental fairness to the accused, must be interpreted to require proof of possession with intent to deliver plus proof the intended locus of the purchaser of the controlled substance was to be within the prohibited school zone.

There is no evidence of Mr. Wimbs' intent to deliver to a person within the prohibited zone. An inference may be drawn from the quantity in Mr. Wimbs' possession that he intended to deliver a controlled substance. Without more, an inference cannot be drawn that the delivery was intended to occur within the 1,000 feet required by the statute; delivery could have taken place outside that 1,000 feet. Therefore,

---

[2]N.J. Stat. Ann. 2C:35-7 provides: "Any person who violates subsection a. of *N.J.S.* 2C:35-5 by distributing, dispensing or possessing with intent to distribute a controlled dangerous substance or controlled substance analog while on any school property used for school purposes which is owned by or leased to any elementary or secondary school or school board, or within 1,000 feet of such school property or a school bus, or while on any school bus, is guilty of a crime of the third degree and shall . . . be sentenced by the court to a term of imprisonment . . .". *Ivory*, at 586.

the State failed to prove the elements of RCW 69.50.435(a) necessary to support a sentencing enhancement under RCW 9.94A.310(5). The sentence enhancement is reversed.

## MEASUREMENT OF DISTANCE

■ Because Mr. Wimbs' sentence enhancement is reversed, the issue of the accuracy of the measurement system is moot. However, we address the issue because it is likely to arise in the future. This court has indicated "within 1,000 feet", as set forth in RCW 69.50.435, means "within a 1,000-foot radius". *State v. Coria*, 62 Wn. App. 44, 49, 813 P.2d 584 (1991), *rev'd on other grounds*, 120 Wn.2d 156, 839 P.2d 890 (1992). This is consistent with the federal cases which have construed identical language as contained in 21 U.S.C. § 841(a)(1). *See, e.g., United States v. Watson*, 887 F.2d 980 (9th Cir. 1989); *United States v. Ofarril*, 779 F.2d 791, 792 (2d Cir. 1985), *cert. denied*, 475 U.S. 1029 (1986). We adhere to the measurement of the prohibited zone as the radius of a circle emanating from the location of the school grounds.

## CONSTITUTIONALITY OF RCW 69.50.435

Mr. Wimbs' constitutional challenge to RCW 69.50.435, based on alleged lack of knowledge the property within 1,000 feet is a schoolyard, was decided in *State v. Carter, supra*. This court also rejected a due process challenge to the alleged absence of ascertainable standards or fair notice of the prohibited conduct. *Carter*, at 94.

## IMPOSITION OF FINANCIAL OBLIGATION

Mr. Wimbs also contends the absence of factual finding on his ability to pay the financial obligations imposed by the court requires a remand.

The court imposed the following financial obligations on Mr. Wimbs: court costs of $83.50 and victim assessment of $100 to be paid within 240 days of release; attorney fee recoupment of $250 to be paid within 300 days of release; and narcotic assessment of $250 to be paid within 360 days of release. The Yakima Police Department was holding Mr. Wimbs' $108, which the court ordered to be used toward the

court costs and victim assessment. The court's order also finds that Mr. Wimbs has the ability to pay. The record contains no evidence of Mr. Wimbs' ability to pay the remaining $575.50.

■ The court may order an indigent defendant to pay attorney fees only under certain conditions: (1) repayment cannot be mandatory; (2) the order may only be imposed on convicted defendants; (3) the defendant must presently or in the future be able to repay; (4) financial resources of the defendant must be examined; (5) no repayment obligations may be imposed if there is no likelihood of the indigence ending; (6) the defendant must be permitted to petition the court for remission of all or part of the fees; and (7) the defendant cannot be held in contempt if failure to pay was unintentional and not done in bad faith. *State v. Curry*, 118 Wn.2d 911, 915-16, 829 P.2d 166 (1992). *Curry*, at 916-18, also held the constitution does not require factual findings on the defendant's ability to pay in light of the statutory safeguards afforded to defendants unable to pay. There is no error.

The conviction and imposition of financial obligation are affirmed; the sentence enhancement is reversed.

SHIELDS, C.J., and THOMPSON, J., concur.

Review by Supreme Court pending March 1, 1994.