[No. 11418-0-III.   Division Three.   June 9, 1994.]

THE STATE OF WASHINGTON, *Respondent,* v. JAMES MICHAEL WIMBS, *Appellant.*

*Hugh M. Spall,* for appellant.

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Kenneth L. Ramm, Deputy,* for respondent.

MUNSON, J. — Following a bench trial, James M. Wimbs was convicted of possession of a controlled substance, methamphetamine, with intent to deliver, RCW 69.50-.401(a)(1)(iii). His standard range sentence was enhanced by 24 months pursuant to RCW 9.94A.310(5) because the crime occurred within 1,000 feet of a school grounds, in violation of RCW 69.50.435(a).

He appeals, contending prejudicial error based on: (1) failure to prove intent to deliver to a person within the school zone; (2) failure to demonstrate the accuracy of the system used to measure the 1,000 feet; (3) the unconstitutionality of RCW 69.50.435; (4) the misuse of the "straight line" method to measure the 1,000-foot distance; and (5) imposition of financial obligations as part of his punishment without ascertaining his ability to pay. We affirm the conviction under RCW 69.50.401(a)(1)(iii), the financial obligation finding under RCW 69.50.435(a), and the sentence enhancement under RCW 9.94A.310(5).[1]

## FACTS

On July 13, 1990, after receiving information from a confidential informant, officers of the Yakima City/County Narcotics Unit served a search warrant on 1614 South 8th Avenue in Yakima. Mr. Wimbs answered the door. Janelle Stroud was also present in the home. Both Mr. Wimbs and Ms. Stroud were advised of their *Miranda* rights and the search warrant was read to them. During the search, detectives Belles and Blankenbaker found items, including a driver's license, indicating Mr. Wimbs had dominion over the premises. Other evidence included: a notebook with chemical names and prices; a functioning police band scanner; a plastic tray containing small bowls and mixing equipment; 26 small plastic zip lock baggies containing methamphetamine with a gross weight of methamphetamine at 14.7 grams, valued at approximately $840; and, in Mr. Wimbs' wallet, a small plastic bag containing white powder residue. In addition, the officers found several small plastic baggies; an electronic gram scale; two bottles of white powder — one labeled Super-B, which is a common cutting agent; a triple beam scale; and chemistry books marked at instructions for manufacturing methamphetamine.

---

[1] We filed a previous opinion reversing the sentence enhancement. On petition for review the Supreme Court remanded the case in light of *State v. McGee*, 122 Wn.2d 783, 864 P.2d 912 (1993). We believe this opinion conforms to *McGee* and is now shorter in length.

After Mr. Wimbs admitted the "stuff" was all his and he paid rent at the house, Ms. Stroud then stated "he never gives it to his kids".

Detective Blankenbaker measured the distance from the front yard of 1614 South 8th Avenue, south to Pierce, then west to the Lewis and Clark Middle School grounds at 10th Avenue and Pierce, which was a pedestrian route to the school. The distance was 1,072 feet.

Detective Blankenbaker also measured the distance in a straight line from Mr. Wimbs' property to the school grounds using a rolling tape device. The distance was 659 feet. Aerial photo maps submitted as exhibits show the distance between the pertinent roadways — 8th and 10th Avenues — is approximately 670 feet. Mr. Wimbs assigns error to this finding to the extent the method of measurement supports a measurement of less than 1,000 feet.

Mr. Wimbs was charged by information with "possession of a controlled substance: methamphetamine, with intent to deliver RCW 69.50.401(a)[(1)](iii)", in violation of RCW 69.50.435 and RCW 9.94A.310(5), "whereby under those statutory provisions certain sentencings are invoked, i.e. crime occurred within 1,000 feet of the school grounds or a school bus stop".

Mr. Wimbs was convicted and sentenced to a standard range sentence of 69 months, which included the 24-month school grounds enhancement.

INTENT RE: RCW 69.50.435 — ADDITIONAL PENALTY

Mr. Wimbs contends the plain meaning of RCW 69.50.435 requires the State to prove intent to deliver a controlled substance *to a person within 1,000 feet of a school yard.* The State disagrees, contending this interpretation would lead to the absurd result that an offender could also "manufacture to a person".

RCW 9.94A.310(5) provides: "An additional twenty-four months shall be added to the presumptive sentence for any ranked offense involving a violation of chapter 69.50 RCW if the offense was also a violation of RCW 69.50.435."

RCW 69.50.401(a) provides "it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance."

Former RCW 69.50.435(a)[2] provided:

> Any person who violates RCW 69.50.401(a) by manufacturing, selling, delivering, or possessing with the intent to manufacture, sell, or deliver a controlled substance listed under that subsection to a person in a school or on a school bus or within one thousand feet of a school bus route stop designated by the school district or *within one thousand feet of the perimeter of the school grounds* . . . may be punished by . . . imprisonment of up to twice the imprisonment otherwise authorized by this chapter, but not including twice the imprisonment authorized by RCW 69.50.406 . . ..

(Italics ours.) Laws of 1990, ch. 244, § 1.

■ In light of *State v. McGee*, 122 Wn.2d 783, 864 P.2d 912 (1993), we hold that the mere possession "of more than personal use amounts within the school zone", *McGee*, at 790, is sufficient proof to allow imposition of the sentence enhancement.

## MEASUREMENT OF DISTANCE

■ Mr. Wimbs contends his sentence enhancement is error. This court has indicated "within 1,000 feet", as set forth in RCW 69.50.435, means "within a 1,000-foot radius". *State v. Coria*, 62 Wn. App. 44, 49, 813 P.2d 584 (1991), *rev'd on other grounds*, 120 Wn.2d 156, 839 P.2d 890 (1992). This is consistent with the federal cases which have construed identical language as contained in 21 U.S.C. § 841(a)(1). *See, e.g., United States v. Watson*, 887 F.2d 980 (9th Cir. 1989); *United States v. Ofarril*, 779 F.2d 791, 792 (2d Cir. 1985), *cert. denied*, 475 U.S. 1029 (1986). We adhere to the measurement of the prohibited zone as the radius of a circle emanating from the location of the school grounds.

## CONSTITUTIONALITY OF RCW 69.50.435

■ Mr. Wimbs' constitutional challenge to RCW 69.50.435, based on alleged lack of knowledge the property within 1,000 feet is a school yard, was decided in *State v. Carter*, 64 Wn. App. 90, 823 P.2d 523 (1992). This court also rejected a due process challenge to the alleged absence of ascertainable standards or fair notice of the prohibited conduct. *Carter*, at 94.

---

[2]A 1991 amendment to the statute does not affect the instant case. *See* Laws of 1991, ch. 32, § 4.

IMPOSITION OF FINANCIAL OBLIGATION

Mr. Wimbs also contends the absence of factual finding on his ability to pay the financial obligations imposed by the court requires a remand.

The court imposed the following financial obligations on Mr. Wimbs: court costs of $83.50 and victim assessment of $100 to be paid within 240 days of release; attorney fee recoupment of $250 to be paid within 300 days of release; and narcotic assessment of $250 to be paid within 360 days of release. The Yakima Police Department was holding Mr. Wimbs' $108, which the court ordered to be used toward the court costs and victim assessment. The court's order also finds that Mr. Wimbs has the ability to pay. The record contains no evidence of Mr. Wimbs' ability to pay the remaining $575.50.

The court may order an indigent defendant to pay attorney fees only under certain conditions: (1) repayment cannot be mandatory; (2) the order may only be imposed on convicted defendants; (3) the defendant must presently or in the future be able to repay; (4) financial resources of the defendant must be examined; (5) no repayment obligations may be imposed if there is no likelihood of the indigence ending; (6) the defendant must be permitted to petition the court for remission of all or part of the fees; and (7) the defendant cannot be held in contempt if failure to pay was unintentional and not done in bad faith. *State v. Curry*, 118 Wn.2d 911, 915-16, 829 P.2d 166 (1992). *Curry*, at 916-18, also held the constitution does not require factual findings on the defendant's ability to pay in light of the statutory safeguards afforded to defendants unable to pay. There is no error.

The conviction, imposition of financial obligation, and sentence enhancement are affirmed.

THOMPSON, C.J., concurs.