[840 NE2d 1020, 807 NYS2d 7]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES ROBBINS, Appellant.

Argued October 20, 2005; decided November 22, 2005

POINTS OF COUNSEL

*Sheila Fernandez,* New York City, *Laura R. Johnson* and *Martin M. Lucente* for appellant. The evidence of sale in or near school grounds was legally insufficient, where the court allowed the People to prove the requisite proximity by use of the Pythagorean theorem, instead of the "pedestrian" method that is based on the actual distance travelled in going from one point to the other. (*People v Gaines,* 167 Misc 2d 923; *United States v Henderson,* 320 F3d 92; *United States v Clavis,* 956 F2d 1079; *United States v Ofarril,* 779 F2d 791; *People v Zelaya,* 232 AD2d 261; *People v Andujas,* 79 NY2d 113; *People v Kitching,* 78 NY2d 532; *People v Doshi,* 93 NY2d 499; *People v Baghai-Kermani,* 84 NY2d 525; *People v Cohen,* 50 NY2d 908.)

*Robert M. Morgenthau, District Attorney,* New York City (*Deborah L. Morse* and *Gina Mignola* of counsel), for respondent. The evidence plainly established that the drug sale occurred within 1,000 feet of a school. (*Jackson v Virginia,* 443 US 307; *People v Norman,* 85 NY2d 609; *People v Malizia,* 62 NY2d 755; *People v Kennedy,* 47 NY2d 196; *People v Robinson,* 95 NY2d 179; *People v Ryan,* 82 NY2d 497; *People v Duggins,* 3 NY3d 522; *People v Versaggi,* 83 NY2d 123; *People v Perez,* 277 AD2d 1; *People v Gaines,* 167 Misc 2d 923.)

## OPINION OF THE COURT

Chief Judge KAYE.

It is a class B felony to sell drugs within 1,000 feet of a school. Because we agree with the courts below that this distance is to be measured in a straight line between the nearest school and the point of sale, we uphold defendant's conviction.

Penal Law § 220.44 (2) proscribes the third-degree criminal sale of a controlled substance "when such sale takes place upon school grounds." School grounds, in turn, means not only "in or on or within" school buildings or school property, but also "any area accessible to the public located within one thousand feet of the real property boundary line" of a school, as well as any ve-

hicle parked within 1,000 feet of such line (Penal Law § 220.00 [14]).[1]

Defendant was charged with selling drugs to an undercover police officer at the northeast corner of 40th Street and Eighth Avenue in Manhattan. At trial, the People offered proof that the nearest school was the Holy Cross grade school, located on 43rd Street between Eighth and Ninth Avenues. It is undisputed that the sale took place within 1,000 feet of the school when measured in a straight line between the sale and the school's boundary line, but that existing buildings made it impossible to walk in a straight line between those two points. It is further undisputed that the shortest actual distance that a pedestrian would have to travel in order to walk from the scene of the crime to the school using city streets and publicly accessible locations exceeded 1,000 feet.

Defendant contends that the statute mandates that the requisite distance be calculated by the "pedestrian method," and that the evidence was therefore legally insufficient to support his conviction. We are unpersuaded, and hold that the proper method of measurement under the statute is the "straight-line method."

The school-grounds law was enacted in order to create a drug-free buffer zone of protection—"a corridor of safety for children coming to and from school" (Mem of State Exec Dept, 1986 McKinney's Session Laws of NY, at 2892). By defining school grounds to encompass both the school property itself and the entire area "within" 1,000 feet of the property boundary line, the Legislature effectively extended the boundaries of school grounds outward in order to encompass all public areas within a 1,000-foot radius of the school.

Indeed, the 1,000-foot measurement was chosen because of the high number of narcotics-related arrests that had occurred within a two-block "radius" of elementary school grounds[2] (id.; see also Governor's Mem approving L 1986, ch 280, 1986 McKinney's Session Laws of NY, at 3161 [because many, if not most, sales of drugs to children occur near but not inside school buildings, the bill defines school grounds to include "the area" within 1,000 feet of the real property boundary line, providing a "zone of safety" for school children]). Thus, the intent of the

---

1. An "area accessible to the public" means "sidewalks, streets, parking lots, parks, playgrounds, stores and restaurants" (id.).

2. One thousand feet is "the equivalent of two city blocks" (id.).

statute was to circumscribe a fixed geographical area, without regard to whether that area might contain obstacles around which people might have to detour.

Other jurisdictions with similar statutes have construed their laws to require a straight-line measurement (*see e.g. Commonwealth v Spano*, 414 Mass 178, 181, 605 NE2d 1241, 1244 [1993]; *State v Georgetown*, 1995 WL 866838, 1995 La App LEXIS 3878 [La Ct App, Dec. 15, 1995]; *State v Wimbs*, 74 Wash App 511, 515, 874 P2d 193, 195 [Ct App 1994]; *State v Vigh*, 871 P2d 1030, 1035 [Utah Ct App 1994]; *Howard v State*, 591 So 2d 1067, 1068 [Fla Dist Ct App 1991]; *State v Ogar*, 229 NJ Super 459, 465, 551 A2d 1037, 1040-1041 [App Div 1989]; *see also Taylor Drug Stores, Inc. v Indiana Alcoholic Beverage Commn.*, 497 NE2d 932, 936 [Ct App 1986] [proximity between a church and a premises seeking a permit to distribute alcoholic beverages should be measured along the shortest straight line connecting the church and the proposed premises, regardless of intervening obstacles]).

Similarly, the federal schoolyard law—which prohibits "distributing, possessing with intent to distribute, or manufacturing a controlled substance in or on, or within one thousand feet of, the real property comprising" a school (21 USC § 860)—has been universally interpreted to contemplate the straight-line method of measurement (*see e.g. United States v Henderson*, 320 F3d 92, 103 [1st Cir 2003], *cert denied* 539 US 936 [2003]; *United States v Johnson*, 46 F3d 1166, 1169-1170 [DC Cir 1995]; *United States v Clavis*, 956 F2d 1079, 1088 [11th Cir 1992], *cert denied sub nom. Edwards v United States*, 504 US 990 [1992]; *United States v Watson*, 887 F2d 980, 980-981 [9th Cir 1989]; *United States v Ofarril*, 779 F2d 791, 792 [2d Cir 1985], *cert denied* 475 US 1029 [1986]; *see also* Mem of State Exec Dept, 1986 McKinney's Session Laws of NY, at 2892 [characterizing the federal schoolyard law as "similar legislation" to the proposed New York statute]).

Defendant's contrary reading would introduce uncertainty and open the statute to a charge of vagueness. Plainly, guilt under the statute cannot depend on whether a particular building in a person's path to a school happens to be open to the public or locked at the time of a drug sale. At a minimum, "[r]equiring speculation about pedestrian routes would create uncertainty in a statute which was meant to establish clear lines of demarcation" (*Watson*, 887 F2d at 980-981).

Further, if the pedestrian method of measurement were used, a drug dealer could take deliberate steps to evade the reach of the statute by putting up obstructions to render the footpath to a nearby school beyond the 1,000-foot limit (*see Clavis*, 956 F2d at 1088). But the intent of the legislation would be defeated "if dealers were allowed to escape prosecution by creating circuitous routes to their narcotic transactions" (*Watson*, 887 F2d at 981). Thus, as the courts below properly held, the statutory distance is to be measured "as the crow flies."

Defendant's remaining contention is without merit.

Accordingly, the order of the Appellate Division should be affirmed.

Judges G.B. Smith, Ciparick, Rosenblatt, Graffeo, Read and R.S. Smith concur.

Order affirmed.